## Cummings Unemployment Compensation Case.

## Cummings, Appellant, *v.* Unemployment Compensation Board of Review.

Submitted November 14, 1947. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent).

*John J. McGrath* and *McGrath, McGrath & McGrath,* for appellant.

R. Carlyle Fee, Assistant Special Deputy Attorney General, T. McKeen Chidsey, Attorney General, and Charles R. Davis, Special Deputy Attorney General, for appellee.

OPINION BY FINE, J., January 8, 1948:

This is an appeal by Patricia Cummings, claimant, from a decision of the Unemployment Compensation Board of Review disallowing benefits for the reason that she was disqualified by Section 401(d) of the Unemployment Compensation Act because she was not "able to work and available for work." Act of December 5, 1936, P. L. 2897, Art. IV, section 401, as last amended by Act of May 29, 1945, P. L. 1145, section 8, 43 P. S. section 801.

On March 11, 1946, appellant left her employment with Tarr System, Pittsburgh, a physical culture institution with which she had been employed for the preceding two years. Her duties included office work, giving exercises, mechanical equipment treatment, and massages. In April and May of 1945, her duties had become so strenuous that she was compelled to take a six-week leave of absence. Upon her return to work, appellant was assigned to her former duties. The work again became too strenuous and in January of 1946 she informed her employer of her desire to leave as soon as a replacement could be obtained. No replacement could be obtained and she continued to work until March 10, 1946. On that date, appellant was reprimanded for smoking in the wash room. This occurrence, in addition to the strain of her work, caused her to give her employer a two-week notice of termination of her employment. Appellant, however, left her employment on the following day, to wit, March 11, 1946.

The bureau disallowed benefits for the reason that appellant was discharged for willful misconduct connected with her work within the meaning of section 402(e). The referee affirmed the bureau but disallowed

compensation on a different ground, i. e., that appellant had voluntarily quit work within the meaning of section 402(b). Upon appeal by the claimant the board found that: "Prior to giving the two weeks notice, claimant advised the manager that she was not able to do the work for which she was scheduled the following day. She was advised that if she could not do the work, not to come back"; and, "For a period of two months following the termination of her employment, claimant was under the care of a physician and not physically able to work." The board thereupon concluded that appellant was disqualified under section 401(d) by reason of her inability to work for a period of two months following her separation, and contrary to the conclusion of the referee found no disqualification within the meaning of section 402(b).

There is sufficient competent evidence to sustain the findings of the board that appellant was not able to work and not available for work. Such findings are binding upon us in such circumstances. *Mee's Bakery, Inc., v. Unemployment Compensation Board of Review,* 162 Pa. Superior Ct. 183, 56 A. 2d 386; Section 510, Unemployment Compensation Law, supra. Appellant's mother, called as a witness, testified: "Q. When did she (appellant) leave Tarr? A. In March, 1945. Q. You say she was in bad physical condition at that time? A. Yes, she had been taking tests in Mercy Hospital. Q. Was she able to work? A. No. Q. For how long? A. She was home two months and I only allowed her to rest because that is what the doctor prescribed. When I took her to Doctor ZurHorst, . . . he said under no consideration should she go back to the Tarr System to work. Q. How long after leaving, wasn't she able to work? A. Two or three months." Appellant testified that two days after her separation she sought employment with the Bell Telephone Company but was rejected because "I couldn't pass the physical examination." The foregoing evidence amply supports findings that appellant's illness was sufficiently severe to justify termination of her employ-

ment and that she had not recovered sufficiently to permit her to accept other employment. The board was not in error in concluding that appellant was disqualified from receiving benefits by reason of her inability to work for a period of two months following her separation.

Decision affirmed.