## Muller Unemployment Compensation Case.

Argued September 27, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ. (GUNTHER, J., absent).

*John Muller,* appellant, in propria persona, submitted a brief.

*William L. Hammond,* Special Deputy Attorney General, with him *Robert E. Woodside,* Attorney General, for appellee.

OPINION BY DITHRICH, J., November 15, 1951:

In this unemployment compensation case the claimant registered for work and filed application for benefits effective January 11, 1951. The Bureau denied benefits on the ground that claimant voluntarily left his last employment without good cause within the meaning of §402(b) of the Unemployment Compensation Law of December 5, 1936, P. L. (1937) 2897, as amended, 43 PS §802(b).

The referee, however, found that claimant terminated his employment with good cause but found also that he was not able to work and hence was ineligible for compensation under §401 of the Law, 43 PS §801, which provides that "Compensation shall be payable to any employe who is or becomes unemployed, and who . . . (d) *Is able to work* and available for suitable work . . ." (Italics supplied.) The modification and affirmance of the Bureau's decision by the referee was affirmed by the Board of Review.

Claimant, aged 67, was last employed by the Lawrence Copper and Bronze Company, Zelienople, Pa., as a general laborer and watchman from April, 1942, to January 10, 1951. Prior to the latter date, during the course of his employment a casting fell on his foot causing an injury which thereafter rendered it difficult for him to move about. On January 10, 1951, he was advised by his foreman to refrain from reporting for further work, but two days later J. M. Dixon, an official of the company, countermanded the foreman's order, telling claimant "if you want to come back, you can come back any time you want," and suggested that claimant could "take it easy on the job." Claimant, however, did not return to work.

The Board of Review found that claimant "terminated his employment because he was no longer able to perform any work," and that "During the period in

question claimant was not physically able to perform any work." The findings of the Board are supported by substantial and competent evidence and we are, therefore, bound by them. *Stillman Unemployment Compensation Case*, 161 Pa. Superior Ct. 569, 56 A. 2d 380; *Wilsey Unemployment Compensation Case*, 169 Pa. Superior Ct. 368, 82 A. 2d 503; §510 of the Law, 43 PS §830.

The following excerpt from claimant's testimony is self-revealing: "Q. Are you working now, John? A. No. Q. Are you available for work? Are you able to work? A. No, I can't work no more." Later he testified: "A. I know I can't work no more. I had hurt my toe. Cast put on. I went to doctor. He want to send me in hospital . . ." His daughter also testified that it was almost impossible for claimant to get around due to the foot injury.

"In many, probably in most, instances, the same cause that justifies an employe in leaving an employment will also prevent him from working, and disqualify him from receiving benefits": *Sturdevant Unemployment Compensation Case*, 158 Pa. Superior Ct. 548, 559, 45 A. 2d 898. The principle there enunciated has application here, where we have a justifiable voluntary leaving because of an injury which prevented performance of work, but where it also clearly appears that claimant is not entitled to benefits during the period involved since he was unable to comply with the requirements of §401(d) of the Law. Cf. *D'Yantone Unemployment Compensation Case*, 159 Pa. Superior Ct. 15, 46 A. 2d 525; *Cummings Unemployment Compensation Case*, 162 Pa. Superior Ct. 188, 56 A. 2d 388.

Decision affirmed.