## Kazmierski Unemployment Compensation Case.

Argued October 2, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Andrew Kazmierski,* appellant, in propria persona, submitted a brief.

*William L. Hammond,* Special Deputy Attorney General, with him *Robert E. Woodside,* Attorney General, for appellee.

OPINION BY GUNTHER, J., January 20, 1953:

Claimant in this case filed an application for unemployment compensation benefits for the week ending August 13, 1951. The Bureau denied benefits on two grounds: first, that claimant voluntarily left his job without good cause within the meaning of §402(b); and second, that he was unable to work because of impaired health and unavailable for work within the meaning of §401(d) of the Unemployment Compensation Law. The Referee affirmed the decision of the Bureau. The Board, however, modified the Referee's decision to the extent of limiting claimant's disqualification to §401(d).

Claimant is 66 years of age and was last employed as a miner's laborer with the Continental-Archibald Coal Company in Scranton. Claimant failed to report for work after the annual miner's vacation of June 29 to July 9, 1951. His reasons for failure to report to work were that the section foreman had told him that he was not a good worker, and that he was unable to work because he had miner's asthma.

The only testimony introduced was that of the claimant, who by his own admissions, established that he was unable to work because of miner's asthma and consequently was unavailable for suitable work at the time of his application for benefits. Claimant's testimony, pertinent here, was as follows: "Q. Can you work now? A. Not right now. Q. Can you do any kind of work at all? A. No, because I'm too short of wind. . . Q. Have you been looking for other work? A. No. Q. Why not? A. Because I have some asthma. I'm not very good to work."

The instant case is ruled by *Muller Unemployment Compensation Case,* 170 Pa. Superior Ct. 52, 84 A. 2d 257, in which the claimant was held to have quit his employment justifiably because of an injury which prevented performance of his work, and which also disabled him from applying for or being available for other suitable work. "In many, probably in most, instances, the same cause that justifies an employe in leaving an employment will also prevent him from working, and disqualify him from receiving benefits." *Sturdevant Unemployment Compensation Case,* 158 Pa. Superior Ct. 548, 559, 45 A. 2d 898. This claimant is similarly disqualified from unemployment compensation benefits because of his own inability and unavailability for work under §401 (d) of the Law. Cf. *D'Yantone Unemployment Compensation Case,* 159 Pa. Superior Ct. 15, 46 A. 2d 525.

Decision affirmed.