Pugh Unemployment Compensation Case.

Argued June 10, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Christopher F. Edley*, with him *Moore, Lightfoot & Edley*, for appellant.

*Sydney Reuben*, Assistant Attorney General, with him *Anne X. Alpern*, Attorney General, for appellee.

Opinion by Hirt, J., September 16, 1959:

Claimant was last employed by William Penn Laundry in Philadelphia; her last day of work was August 20, 1958. On that date she was approximately five months advanced in pregnancy. After 12 days in a hospital following the above date she did not report back for work because her doctor advised against any work which required her to stand while performing it. She did not request lighter work nor did she apply for a leave of absence.

Based on these undisputed facts the bureau and the referee denied benefits on the ground that claimant voluntarily terminated her employment without good cause, under §402(b) of the Law, 43 PS §802. The Board of Review affirmed the decision but for a different reason. The board found that claimant was not available for work and was disqualified for that reason under §401(d) of the Law, 43 PS §801.

In *Sturdevant Unemployment Comp. Case,* 158 Pa. Superior Ct. 548, 45 A. 2d 898, we said that the basic purpose of proving availability "is to establish that a claimant is actually and currently attached to the labor force." And the holding of that case is that one who has left his employment upon good cause does not in itself entitle the employe to benefits. It must also be shown that such claimant meets the "availability for work test" required by the statute. *Muller Unempl. Compensation Case,* 170 Pa. Superior Ct. 52, 84 A. 2d 257. This claimant, because of a disabling physical condition was unable to work and she therefore was disqualified under §401(d) since she was not available for work.

Decision affirmed.