## Cirigliano Unemployment Compensation Case.

Argued November 11, 1959. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (RHODES, P. J., absent).

*Constance R. Cirigliano,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for appellee.

OPINION BY HIRT, J., December 17, 1959:

The claimant had been employed by Jerome Motor Company for approximately 10 months as a general office worker. Her last day of work was September 14, 1957. On September 16, 1957 claimant's sister called the employer and stated that claimant was sick and did not know when she would return to work. Claimant was pregnant but the employer was never informed of that fact. She never requested a leave of absence because of her condition and no one made such request on her behalf. Claimant did not at any time return after the birth of her child on May 12, 1958, to resume her employment or to determine whether work was available for her. The findings of the board reflect the facts as above stated. The findings are based upon sufficient competent evidence; we therefore may not disturb them. *Johnson Unempl. Compensation Case,* 182 Pa. Superior Ct. 138, 125 A. 2d 458.

An employe on leaving his employment, because of a temporary disability, is required to apply for a leave of absence if he expects to return to his work at a later time. This rule is particularly applicable to a pregnant woman who must so apply or otherwise by timely notice manifest an intention of returning to her job. *Flannick Unempl. Compensation Case,* 168 Pa. Superior Ct. 606, 82 A. 2d 671; *Pugh Unempl. Compensation Case,* 190 Pa. Superior Ct. 434, 154 A. 2d 313. A woman who neglects to take the precautions to guard her job which a reasonably prudent person would take, in effect leaves her employment voluntarily. *Zielinski Unempl. Compensation Case,* 174 Pa. Superior Ct. 244, 101 A. 2d 419. Accordingly a woman who is unable to work because of pregnancy and does not apply for a leave of absence is disqualified for unemployment

compensation under §402(b) of The Law, 43 PS §802. It is significant that the first time a doctor's certificate was presented in the instant case was after the hearing before the referee and after the referee's order of disallowance had been entered on June 23, 1958. The only doctor's certificate was dated July 17, 1958 and was not presented to the referee until February 5, 1959 and then without any explanation as to why a similar certificate had not been produced at the hearing of August 11, 1958. We agree with the appellee that the appellant's failure to do so, evidences a lack of good faith, which this court has repeatedly stated is essential in maintaining a proper employer-employe relationship.

The testimony in this case abundantly supports the findings, and the conclusion of the board that claimant was disqualified under §402(b) of the Act in that she voluntarily left her work with the intention then of abandoning her job.

Decision affirmed.