## Veitz Unemployment Compensation Case.

Argued March 21, 1961. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*A. R. Howe,* with him *Edward Davis,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WATKINS, J., April 13, 1961:

In this unemployment compensation case the Board of Employment Security and the Referee held that the claimant, Tillie Veitz, was ineligible for benefits under the provisions of §401(d) of the Unemployment Compensation Law, 43 PS §801(d), in that she was unavailable for work; the Unemployment Compensation Board modified this decision and disqualified her for benefits under the provisions of §402(b)(1) of the law, as amended, 43 PS §802(b)(1), for the reason that she voluntarily terminated her employment without cause of a necessitous and compelling nature.

The claimant was last employed on December 23, 1959 by the National Biscuit Company, Philadelphia, Pennsylvania. At that time she was three months pregnant and on the advice of her physician she terminated her employment as she was unable to continue performing the duties required by her job.

We have held that a pregnant claimant may voluntarily terminate her employment for a good cause but that, of itself, does not entitle her to benefits; it must also be shown that she was available for work within the meaning of the statute. *Gearhart Unemployment Compensation Case,* 194 Pa. Superior Ct. 418, 168 A. 2d 646 (1961); *Pugh Unemployment Compensation Case,* 190 Pa. Superior Ct. 434, 154 A. 2d 313 (1959).

In this case additional facts are present, in that a company policy permits employees to work up to the beginning of the sixth month of pregnancy; and, further, this claimant contends that she was capable of performing lighter work as certified by her physician and that she was therefore available for work.

This argument, however, is without merit, even if it might be interpreted to bring her within the provisions requiring availability for work. Her separation is still voluntary. The amendments of §402(b)(1) of the law, 1959, P. L. 1893, §8, 43 PS §802(b)(1)

provide: "An employe shall be ineligible for compensation for any week—. . . (b) (1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature, irrespective of whether or not such work is in 'employment' as defined in this act: Provided, That a voluntary leaving work because of pregnancy, whether or not the employer is able to provide other work, shall be deemed not a cause of a necessitous and compelling nature: . . ." The voluntary termination of her employment because of pregnancy must be considered to have been without cause of a necessitous and compelling nature.

Decision affirmed.