## Ford Unemployment Compensation Case.

Argued June 14, 1961. Before Ervin, Wright, Woodside, Watkins, Montgomery, and Flood, JJ. (Rhodes, P. J., absent).

*Doris Ford,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WATKINS, J., September 12, 1961:

In this unemployment compensation case the claimant was held to be ineligible for compensation benefits by the Bureau, the Referee and the Board successively, under the provisions of §402(b)(1) of the Unemployment Compensation Law, 43 PS §802(b)(1), which provides: ". . . That a voluntary leaving work because of pregnancy, whether or not the employer is able to provide other work, shall be deemed not a cause of a necessitous and compelling nature:".

The claimant, Doris Ford, was last employed by the Springfield Federal Savings & Loan Association, Springfield, Pennsylvania, as a teller, on May 20, 1960. At that time she was four and a half months' pregnant.

The board found as facts that she went on her vacation on May 23, 1960; that on that date the employer received a letter of resignation from her which was to serve as a two weeks notice; that the employer had no stated policy as to pregnancy; and that her work was available had the claimant returned after her vacation. The record supports these findings and they are binding on this Court. *Mettetal Unemployment Compensation Case,* 187 Pa. Superior Ct. 291, 144 A. 2d 586 (1958).

The voluntary termination of her employment because of pregnancy, under the circumstances of this case, must, under the law, be considered to have been without cause of a necessitous and compelling nature.

*Veitz Unemployment Compensation Case.* 195 Pa. Superior Ct. 122, 169 A. 2d 566 (1961).
Decision affirmed.