## Walsh Unemployment Compensation Case.

Argued December 12, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Anthony J. Lupas, Jr.,* for appellant, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WOODSIDE, J., January 16, 1962:

The bureau, referee and the board all concluded that the claimant in this unemployment compensation case was ineligible for benefits under the provisions of Section 402(b) of the Unemployment Compensation Law, 43 P.S. §802(b).

The claimant had been employed for approximately $3\frac{1}{2}$ years as a secretary by the Stressteel Corporation, Wilkes-Barre. Her last day of work was September 18, 1959, when she left her employment because she was pregnant.

Had the amendment of December 17, 1959, to the Unemployment Compensation Law been effective on the date of her separation, she would have been ineligible for benefits. However, even under the law as it existed prior to the amendment she is ineligible for benefits. The board found: That she did not request a leave of absence; that although her employer informed her by letter that a job was available, she neglected to get in touch with him after the child was born; that pursuant to the employer's letter she did make one phone call to the employer, who was not present, and told the bookkeeper who answered that she did not wish to take a job away from anyone.

There is sufficient competent evidence to support the above finding of fact, and we are therefore bound by them. *Mettetal Unemployment Compensation Case,* 187 Pa. Superior Ct. 291, 144 A. 2d 586 (1958).

The claimant is ineligible for benefits under Section 402(b). Her conduct was not consistent with a genu-

ine desire to maintain the employer-employee relationship. This Court has held that a woman will be disqualified for benefits if she discontinues her employment on account of pregnancy unless she applies for a leave of absence. *Cirigliano Unemployment Compensation Case*, 191 Pa. Superior Ct. 420, 156 A. 2d 363 (1959).

Decision affirmed.