## Fatica Unemployment Compensation Case.

Argued November 14, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WATKINS, MONTGOMERY, and FLOOD, JJ. (WOODSIDE, J., absent).

*S. R. DiFrancesco,* with him *Warren W. Bentz,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WATKINS, J., December 12, 1962:

This is an unemployment compensation case in. which the Bureau of Employment Security, the Referee and the Unemployment Compensation Board of Review all concluded that the claimant was disqualified under §402(b)(1) of the Unemployment Compensation Law, 43 PS §802(b)(1), in that she left her employment because of pregnancy and without the necessitous and compelling reason required by the law.

Theresa A. Fatica, the claimant, was employed for twelve years by the Erie Bolt and Nut Company, Erie, Pennsylvania, as a receptionist. Her last day of work was April 4, 1961. She had given notice that she would like to leave her work on April 15, 1961 due to pregnancy, approximately seven months advanced. Her employment was terminated on April 4, 1961 because the employer had trained a replacement to perform her du-

ties. She did not request a leave of absence or at any time ask her last employer for reinstatement.

The child was born on June 24, 1961 and she became available for employment effective August 7, 1961 as certified to by her physician. She applied for benefits on July 24, 1961 and August 7, 1961.

Section 402(b)(1) of the Unemployment Compensation Law, 43 PS §802(b)(1) provides, inter alia, "that a voluntary leaving work because of pregnancy, whether or not the employer is able to provide other work, shall be deemed not a cause of a necessitous and compelling nature . . . .". So this employee who left work due to pregnancy disqualified herself under the voluntary quit provision of the law as of April 15, 1961. *Veitz Unemployment Compensation Case*, 195 Pa. Superior Ct. 122, 169 A. 2d 566 (1961) ; *Walsh Unemployment Compensation Case*, 197 Pa. Superior Ct. 108, 177 A. 2d 19 (1962) ; *Dykan Unemployment Compensation Case*, 197 Pa. Superior Ct. 153, 177 A. 2d 160 (1962).

The finding of disqualification by the Board is supported by competent evidence and is binding on this Court. *Progress Mfg. Co. v. U. C. Bd. of Rev.*, 406 Pa. 163, 176 A. 2d 632 (1962). The Board also properly found that the claim for the week of July 24, 1961 was invalid for the reason that at that time she was unavailable for work under §401(d) of the law, 43 PS §801(d).

Decision affirmed.