## D'Yantone Unemployment Compensation Case.

Argued March 4, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Ulric J. McHale,* for appellant.

*R. M. Morgan,* with him *R. Carlyle Fee,* Assistant Special Deputy Attorney General, *Charles R. Davis,* Special Deputy Attorney General, and *James H. Duff,* Attorney General, for appellee.

OPINION BY RENO, J., April 10, 1946:

Claimant, Blanche D'Yantone, brought this appeal from a decision of the board, which affirmed a decision of the referee disallowing her claim for unemployment compensation.

The undisputed facts are: Claimant was most recently employed by Roy Stauffer who laid her off September 10, 1944, because of her irregular attendance at work. She registered for work and filed an application for benefits almost a year later, on September 4, 1945. She received benefits for weeks ending September 17 and 24, 1945. The bureau, on October 2, 1945, determined that she had failed to accept suitable work within the meaning of the Unemployment Compensation Law, and refused further payments.

The record clearly supports the decision. Appellant refused to accept various kinds of work; work which would require her to stand; work at which she could sit; work which would involve the operation of a sewing machine; and work which would expose her to the smell of tobacco. When first interviewed she told the authorities that because of her health she could do *no* work of any type. She was afflicted with a heart disease.

The Act of May 29, 1945, P. L. 1145, which amended the Act of December 5, 1936 (1937, P. L. 2897), provides, inter alia (§401): "Compensation shall be payable to any employe who is or becomes unemployed, . . . and who— . . . (d) Is able to work and available for suitable work; . . ." The act further provides (§4[t]): " 'Suitable Work' means all work which the employe is capable of performing. In determining whether or not

any work is suitable for an individual, the department shall consider the degree of risk involved to his health, safety and morals, his physical fitness, prior training and experience, and the distance of the available work from his residence. The department shall also consider among other factors the length of time he has been unemployed and the reasons therefor, the prospect of obtaining local work in his customary occupation, his previous earnings, the prevailing condition of the labor market generally and particularly in his usual trade or occupation . . ."

The bureau and the board considered all these factors, and the record overwhelmingly supports the conclusion that claimant was unemployed because the condition of her health made it impossible for her to perform work. Her prolonged delay in registering for work and benefits, was for the same reason; and, by her own admission at her first interview, she was unable to do any work. The referrals offered claimant were of the type for which she was fitted by training and experience, and involved no risk to the claimant had she been in a normal physical condition.

Even in the broadest and most liberal interpretation of the law, we cannot hold that one whose availability is so limited is able to work and is available for suitable work. Cf. *Naughton v. Kettl*, 154 Pa. Superior Ct. 318, 321, 35 A. 2d 527. To do so, would, in effect, change unemployment compensation to health insurance. In *Sturdevant Unemployment Compensation Case*, 158 Pa. Superior Ct. 548, 45 A. 2d 898, we said: "He [the claimant] must also meet the availability-for-work test provided by the statute. In many, probably in most, instances, the same cause that justifies an employe in leaving an employment will also prevent him from working, and disqualify him from receiving benefits. For instance, an employe who leaves employment because of ill health: if his illness is severe enough to justify a

18

voluntary leaving of employment, his illness will also, unless he speedily recovers or is readily adaptable to work of another type, justify a finding that he is not able to work." Here we do not have a voluntary leaving, but a lay-off induced by irregular attendance at work due to ill health. The same principle applies; since claimant did not sufficiently recover her health and is not adaptable to available work she must be held unable to comply with the section of the act which requires the claimants be able and available for suitable work.

The findings of the board are supported by testimony that is real and substantial, and we are bound by its findings. Unemployment Compensation Law, supra, §510, 43 PS §830; *Gallagher v. Unemployment Compensation Board of Review,* 148 Pa. Superior Ct. 228, 24 A. 2d 627.

Decision affirmed.