## Wall Unemployment Compensation Case.

Argued April 12, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

 

*Anna M. Wall*, appellant, in propria persona, submitted a brief.

*Sydney Reuben*, Special Deputy Attorney General, with him *Herbert B. Cohen*, Attorney General, for appellee.

OPINION BY WOODSIDE, J., July 17, 1956:

Claimant in this unemployment compensation case was employed as a short order cook at Dorothy's Restaurant in Monongahela. When she reported for work on August 26, 1954 she became involved in an argument with the wife of the proprietor who also worked at the restaurant and instead of going to work she walked off the job. Claimant subsequently called the employer, told him she was quitting and never again returned to work. Continuing employment would have been available to her had she chosen to remain on the job. The foregoing is contained in the findings of fact of the referee, which were adopted by the board. These findings are supported by substantial, competent evidence and are therefore binding upon us. *D'Yantone Unemployment Compensation Case,* 159 Pa. Superior Ct. 15, 46 A. 2d 525 (1946).

Claimant was disqualified by the bureau, by the referee and by the board under the section of 402(b) of the Unemployment Compensation Law of December 5, 1936, P. L. 2897 (1937), as amended, 43 PS §802(b), which provides that an employe shall be ineligible for compensation for any week in which his unemployment is due to his voluntarily leaving work without good cause.

As a general proposition, an employe who is out of work by his own decision is thereby removed from the protection of the Unemployment Compensation Law. This general rule is qualified to the extent that an unemployed worker may be eligible even though he voluntarily left work, if his leaving was prompted by good cause. We have held time and again that to constitute good cause, the circumstances compelling the decision to leave employment must be "real not imaginary, substantial not trifling, reasonable not whimsical . . .": *Sturdevant Unemployment Compensation Case,* 158 Pa. Superior Ct. 548, 557, 45 A. 2d 898 (1946). Applying these principles to the instant case, we are of the opinion that the claimant has not sustained the burden of showing such compelling and necessitous circumstances.

The decision is affirmed.