Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Eugenio M. Sanchez, Appellant.

Argued September 12, 1975, before Judges CRUMLISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel of three.

354

 

*Guillermo L. Bosch,* with him *Stassen, Kostos and Mason,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, October 15, 1975:

Appellant had been an employee of the Department of Health, Education and Welfare, located in Pennsylvania, for approximately five years prior to receiving a disability retirement on October 24, 1973. Thereafter, appellant took up residency in Florida and filed an Interstate Claim for unemployment compensation benefits effective on October 28, 1973, against Pennsylvania. Due to a serious heart ailment, which was the cause of appellant's disability retirement, appellant limited the work which he would accept to one or two hours per day. In response to a form questionnaire, appellant stated he could not accept full-time work because his doctor prohibited it due to his condition. During an interview in November of 1973, appellant stated he was restricted to very light work, part-time, restricted to one or two hours daily. A statement submitted by appellant's doctor on November 11, 1973, indicated appellant was unable to accept gainful employment and that he was limited to "very light work—no more than one or two hours daily."

The Bureau of Employment Security (Bureau) denied benefits on the ground that appellant was not able and available for full-time work on the basis of the medical statement submitted. The referee reversed this determination, granting the claimed benefits. On appeal by the Bureau, the Unemployment Compensation Board of Review (Board) reversed the referee and denied the appellant's claims. The Board found that the applicant was not able and available for work, reasoning that he had so restricted his availability that he was not genuinely and realistically attached to the labor market.

Section 401(d) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended*, 43 P. S. §801(d), provides:

"Compensation shall be payable to any employe who is or becomes unemployed, and who—

"(d) Is able to work and available for suitable work. . . ."

The determination of availability is largely a question of fact for the Board. *Graham v. Unemployment Compensation Board of Review*, 14 Pa. Commonwealth Ct. 445, 322 A.2d 807 (1974); *Collins Unemployment Compensation Case*, 191 Pa. Superior Ct. 273, 156 A.2d 593 (1959). Our scope of review, absent fraud or error of law, is to determine if the findings of the Board are supported by substantial evidence. *Chickey v. Unemployment Compensation Board of Review*, 16 Pa. Commonwealth Ct. 485, 332 A.2d 853 (1975); *Stalc v. Unemployment Compensation Board of Review*, 13 Pa. Commonwealth Ct. 131, 318 A.2d 398 (1974).

A claimant may render himself unavailable for work by imposing conditions and limitations on employment availability. *Hunt v. Unemployment Compensation Board of Review*, 8 Pa. Commonwealth Ct. 577, 302 A.2d 866 (1973); *Bernotas Unemployment Compensation Case*, 175 Pa. Superior Ct. 437, 106 A.2d 638 (1954). Further, one who is physically unable to accept substantial employment does not meet the requirements of the cited Section

356

of the Unemployment Compensation Law. *Palovich Unemployment Compensation Case,* 194 Pa. Superior Ct. 198, 166 A.2d 339 (1960); *Romiski Unemployment Compensation Case,* 169 Pa. Superior Ct. 106, 82 A.2d 565 (1951). Any other holding would transform unemployment compensation into health insurance. *D'Yantone Unemployment Compensation Case,* 159 Pa. Superior Ct. 15, 46 A.2d 525 (1946).

In the instant case, the appellant's availability for work has been limited by his medical condition to a maximum of two hours per day in light work. The Board found that this restriction, in fact, eliminated appellant's attachment to the labor market. We cannot disagree.[1]

Accordingly, we enter the following

ORDER

Now, October 15, 1975, the order of the Unemployment Compensation Board of Review, denying benefits to Eugenio M. Sanchez, is hereby affirmed.

---

1. This case is distinguishable from *Unemployment Compensation Board of Review v. Patsy,* 21 Pa. Commonwealth Ct. 341, 345 A.2d 785 (1975), where a claimant with diminished physical capacities was granted an opportunity to prove the existence of work of a sedentary nature, suitable to his capabilities, by way of a remand. In the instant case, the claimant has already presented proof on the subject of work availability which was unconvincing to the Board. Further, appellant's limitations are substantially greater than those in *Patsy,* including a significant time limitation as well as a limitation as to the nature of acceptable work.