Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Oliver L. Smith, Appellant.

Argued June 10, 1976, before Judges CRUMLISH, JR., WILKINSON, JR., and MENCER, sitting as a panel of three.

Carl F. Hepler, Jr. with him Wood and Floge, for appellant.

Charles G. Hasson, Assistant Attorney General, with him Sydney Reuben, Assistant Attorney General, and Robert P. Kane, Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, July 15, 1976:

Appellant was employed by the United States Government for over 22 years, until January 24, 1974, when he received a disability retirement. The position held by appellant was a tension producing, sedentary job. Appellant's medical condition, gouty arthritis and a peptic ulcer, required his employment termination. By appellant's own doctor's certification, he cannot work at any job which would require prolonged standing, walking or sitting, nor any job which would produce high tension.

. The Bureau of Employment Security (Bureau) rejected appellant's claim for unemployment compensation on the grounds that appellant was not able and available for work as required by Section 401(d) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §801(d). The referee, after a hearing, affirmed the decision of the Bureau and the

Unemployment Compensation Board of Review affirmed the referee. It is the decision of the Board that is now on appeal to this Court.

The determination of availability is largely a question of fact for the Board. *Baker v. Unemployment Compensation Board of Review,* 18 Pa. Commonwealth Ct. 503, 336 A.2d 671 (1975); *Graham v. Unemployment Compensation Board of Review,* 14 Pa. Commonwealth Ct. 445, 322 A.2d 807 (1974). Here, the Board determined that the severe medical restrictions placed on appellant make him unavailable to accept suitable employment.

In *Unemployment Compensation Board of Review v. Sanchez,* 21 Pa. Commonwealth Ct. 353, 346 A. 2d 390 (1975), we held a claimant unavailable for work where, due to a heart condition, he restricted the kind and length of work he would accept. *See also Palovich Unemployment Compensation Case,* 194 Pa. Superior Ct. 198, 166 A.2d 339 (1960); *Romiski Unemployment Compensation Case,* 169 Pa. Superior Ct. 106, 82 A.2d 565 (1951). As we noted in *Sanchez,* a rule which would not disqualify an applicant for unemployment compensation benefits who was determined to be unavailable for work due to medical restrictions would transform unemployment compensation into health insurance. *D'Yantone Unemployment Compensation Case,* 159 Pa. Superior Ct. 15, 46 A.2d 525 (1946).

Accordingly, we will enter the following

ORDER

Now, July 15, 1976, the order of the Unemployment Compensation Board of Review, Decision No. B-124992, dated March 20, 1975, affirming the decision of the referee and denying unemployment compensation benefits to Oliver L. Smith, is hereby affirmed.