Jean B. Hoffman, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and Scranton Tribune, Respondents.

Argued June 4, 1979, before Judges WILKINSON, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*Edward M. Murphy,* with him *Murphy & Murphy,* for petitioner.

*William J. Kennedy,* Assistant Attorney General, with him *Gerald Gornish,* Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., June 28, 1979:

Claimant voluntarily terminated her 20 years of employment with the Scranton Tribune. Eight years before this termination a fellow employee left and was not replaced. This placed an increased burden on claimant. Claimant complained to her employer but did not request a different assignment nor a leave of absence. One week after claimant's termination, claimant's physician certified that he had advised her to take time off and rest.

The Bureau of Employment Security, the referee, and the Unemployment Compensation Board of Review (Board) all denied benefits. We affirm.

The Board concluded that the referee was correct when he determined claimant was disqualified by reason of Section 402(b)(1) and Section 401(d) of the Unemployment Compensation Law.[1] We need consider only Section 401(d), "able and available for

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1), and 43 P.S. §801(d).

suitable work.'' Here the referee expressly found in Finding of Fact No. 7 that claimant was not available for work after her termination. There is adequate basis for this finding in claimant's own testimony. This appears both in her oral testimony and in the Summary of Interview which was admitted into evidence. It is given additional support by claimant's physician's certificate that he advised her to take time off work and rest.

Availability for work is a question of fact to be determined by the Board. *Graham v. Unemployment Compensation Board of Review,* 14 Pa. Commonwealth Ct. 445, 322 A.2d 807 (1974). The law with regard to the application of Section 401(d) in this situation is set forth in *Unemployment Compensation Board of Review v. Smith,* 25 Pa. Commonwealth Ct. 471, 360 A.2d 833 (1976) making it unnecessary to repeat it here.

Accordingly, we will enter the following

ORDER

AND Now, June 28, 1979, the order of the Unemployment Compensation Board of Review, Decision No. B-155770, dated March 31, 1978, denying unemployment compensation benefits to Jean R. Hoffman is hereby affirmed.