Charles J. Mulqueen, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 1, 1979, before Judges CRUMLISH, JR., WILKINSON, JR. and MACPHAIL, sitting as a panel of three.

*Catherine J. Garbus,* with her *Eugene F. Smith,* for petitioner.

*John Kupchinsky,* Assistant Attorney General, with him *Michael D. Klein,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General for respondent.

OPINION BY JUDGE MACPHAIL, January 9, 1980:

This is an appeal from the order of the Unemployment Compensation Board of Review (Board) affirming a decision of a referee denying benefits to Charles J. Mulqueen (Claimant). We affirm.

Claimant was on annual leave from his position as a Psychiatric Aide I at Clarks Summit State Hospital (Employer) from September 13, 1977 to and including September 27, 1977. On September 26, 1977, Claimant was involved in a "drunken brawl"[1] resulting in his arrest and incarceration on September 27, 1977. Bail was fixed at $20,000.00. On September 28, Claimant did not report to work at the Hospital as he was scheduled to do. There is conflicting evidence as to whether

---

[1] This is Claimant's description.

his Employer was notified that Claimant would be absent. The Board resolved that conflict in favor of the Employer. On September 29, after learning of Claimant's incarceration through a newspaper report, the Employer placed Claimant on suspension for a period not to exceed 30 work days pending an investigation of the incident which led to his arrest. Written notice of the Employer's action was given to Claimant. On October 31, the Employer dismissed Claimant because of unavailability for work due to his incarceration. Written notice of the Employer's action was given to the Claimant. On November 18, Claimant posted bail and was released from incarceration and on January 16, 1978, he pleaded guilty to the charges arising out of the incident of September 26, 1977. He was scheduled to be sentenced on February 8, 1978, a date subsequent to the hearing before the referee.

Section 3 of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess. (1937) 2897, *as amended,* 43 P.S. §752, provides that the Law was intended to compensate persons who become unemployed through no fault of their own. Substantial evidence exists in the record to support the conclusion that Claimant was unavailable for employment from September 28, 1977 through October 31, 1977 due to his incarceration. Claimant's guilty plea is evidence that his incarceration was through his own fault. *See Smith v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 292, 370 A.2d 822 (1977). The Board was certainly justified in rejecting as incredible Claimant's testimony that he had the ability to secure his release by posting bail at any time thereby becoming available for employment, but chose simply not to do so.

Accordingly, we conclude that the Board was correct when it found that the Claimant was unemployed through his own fault.

384

## Order

And Now, this 9th day of January, 1980, the order of the Unemployment Compensation Board of Review dated April 14, 1978, denying benefits to Charles J. Mulqueen is affirmed.

This decision was reached prior to the expiration of the term of office of Judge DiSalle.