David R. Chapman, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 7, 1980, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*David R. Chapman*, petitioner, for himself.

*Stephen B. Lipson*, Assistant Attorney General, with him *Richard Wagner*, Chief Counsel, and *Edward G. Biester, Jr.*, Attorney General, for respondent.

Opinion by Judge Rogers, May 8, 1980:

Section 401(d) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §801(d), provides that compensation shall be payable to an employe who becomes unemployed and who is "able to work and available for suitable work." The Unemployment Compensation Board of Review held that David R. Chapman, Jr. was ineligible for compensation because he was not able to work and not available for suitable work. We must affirm that decision.

Mr. Chapman was employed as a meat inspector by the United States Department of Agriculture. His work was in Pittsburgh but on weekends he regularly went to Harrisonburg, Virginia, which he considered to be his home. His last day of work was June 24, 1977, a Friday. After work he went for the weekend to Harrisonburg, became ill, and obtained medical attention and treatment. It was eventually ascertained that he suffered from chronic obstructive pulmonary disease, he was hospitalized in July 1977 and was never able to resume his employment. He was on sick leave until October 1977 and thereafter on leave without pay. In February 1978 he applied to the Federal Government for disability pension.

Mr. Chapman's treating physician certified to the Bureau of Employment Security that Mr. Chapman was not able to accept gainful employment as of March 12, 1978. A month later the doctor certified that Mr. Chapman had severe chronic obstructive pulmonary disease, that he was disabled for gainful employment in his present occupation but that he, the doctor, would not object to Mr. Chapman's engaging, on a trial basis, in a sedentary, clean air endeavor of some kind. At the referee's hearing conducted in May 1978 Mr. Chapman testified that he was not able to do the work of a meat inspector but that he could be

possibly trained to do light work in a clean environ-
ment. As noted, the Board of Review concluded that
Mr. Chapman was ineligible for benefits.

In the very similar case of *Rodrigo v. Unemploy-
ment Compensation Board of Review,* 38 Pa. Common-
wealth Ct. 593, 595, 393 A.2d 1311, 1312 (1978), Judge
MACPHAIL wrote the following paragraphs which are
altogether applicable here:

Clearly, the referee and the Board were cor-
rect in denying benefits to the Claimant. Be-
fore one may qualify for unemployment com-
pensation benefits, he must prove that he is able
to work and available for suitable work. Koba
v. Unemployment Compensation Board of Re-
view, 29 Pa. Commonwealth Ct. 264, 370 A.2d
815 (1977). Generally, a physical condition
which justifies an employee leaving his employ-
ment will also prevent that employee from
working at all. Molton Unemployment Compen-
sation Case, 194 Pa. Superior Ct. 190, 166 A.2d
103 (1960). An employee terminating his em-
ployment for a necessitous and compelling rea-
son is nonetheless ineligible for benefits if he is
unavailable for suitable work. Baker v. Unem-
ployment Compensation Board of Review, 18
Pa. Commonwealth Ct. 503, 336 A.2d 671 (1975).
As this Court has observed in the past, if an
applicant for unemployment compensation bene-
fits who is physically unavailable for work is
not thereby disqualified from benefits, unem-
ployment compensation will be transformed in-
to health insurance. Unemployment Compensa-
tion Board of Review v. Smith, 25 Pa. Common-
wealth Ct. 471, 360 A.2d 833 (1976).

Since the referee and Bureau have found as
a fact that the Claimant was not physically ca-
pable of engaging in gainful employment and

that finding is based upon substantial evidence and is consistent with previous rulings of this Court as cited above, we are compelled to affirm the Board's order.

Order affirmed.

### Order

And Now, this 8th day of May, 1980, the order of the Unemployment Compensation Board of Review entered July 31, 1978 is affirmed.