James A. McCurdy, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 4, 1982, before President Judge CRUMLISH and Judges ROGERS and BLATT, sitting as a panel of three.

*Robert C. Schollaert,* for petitioner.

*Charles G. Hasson,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, March 30, 1982:

James A. McCurdy appeals from the denial by the Unemployment Compensation Board of Review of his

claim for benefits on the ground that he was not able and available for suitable work as required by Section 401(d) of the Unemployment Compensation Law,[1] 43 P.S. §801(d) which provides:

> Compensation shall be payable to any employe who is or becomes unemployed and who
>
> . . . .
>
> (d) Is able to work and available for suitable work. . . .

McCurdy was employed for some ten of his sixty years as a rural mail carrier in the environs of Chambersburg, Pennsylvania where his duties primarily involved driving an automobile and delivering the mail. On August 21, 1979 he was told by his supervisor that it had come to the supervisor's attention that the claimant was suffering from periods of unconsciousness and was, in an attempt to treat this condition carrying bottled oxygen in his delivery vehicle. The claimant was then instructed not to return to his duties until he obtained a physician's certificate that his medical condition did not preclude the safe operation of a motor vehicle. Unable to procure such a certificate the claimant did not return to work. Mr. McCurdy's claim for benefits was disapproved by the Bureau of Employment Security and he appealed.

At an evidentiary hearing conducted by a referee on February 14, 1980, the claimant testified that his recurring periods of unconsciousness continued unabated despite the discontinuance of his work activities. A physician's certificate was introduced into the record in which a Dr. S. W. Dittmar asserted that the claimant was suffering from "blackout spells" of as yet unknown etiology and that he could return to

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended.*

gainful employment only if such employment did not involve driving or working with machinery. When asked whether he was then able to work, the claimant responded that such a determination could not be made until his physicians were better able to diagnose his medical condition. The referee granted the claimant's request that the record not be closed until additional medical information was forthcoming.

A further hearing was held on May 20, 1980, at which time the claimant testified that his condition had not improved despite the receipt of treatment including medication; that consultation with "about eight" physicians had yielded no definitive diagnosis; and that he had not yet, on account of his hope and desire to soon return to his former duties, sought or applied for substitute employment. When questioned concerning the severity of his condition and the necessity of supplemental oxygen, the claimant testified that the episodes of dizziness and unconsciousness often occurred at frequent intervals and that at such times he had to inhale bottled oxygen for as long as thirty-five minutes before he could again function normally. The claimant readily conceded that during the periods of insensibility he was unable to carry on any purposeful activity. On the basis of this testimony the unemployment compensation authorities made the finding here challenged—that Mr. McCurdy was not, during the benefit weeks in question, eligible for benefits. We affirm.

It has often been stated that an applicant for unemployment compensation benefits who is physically unavailable for work is thereby disqualified from benefits for to hold otherwise would be to transform unemployment compensation into a system of health insurance. *Antinopoulas Unemployment Compensation Case,* 181 Pa. Superior Ct. 515, 124 A.2d 513

(1956); *D'Yantone Unemployment Compensation Case,* 159 Pa. Superior Ct. 15, 46 A.2d 525 (1946); *Chapman v. Unemployment Compensation Board of Review,* 51 Pa. Commonwealth Ct. 254, 414 A.2d 174 (1980); *Rodrigo v. Unemployment Compensation Board of Review,* 38 Pa. Commonwealth Ct. 593, 393 A.2d 1311 (1978); *Unemployment Compensation Board of Review v. Sanchez,* 21 Pa. Commonwealth Ct. 353, 346 A.2d 390 (1975). These cases establish that under Section 401(d) above quoted unemployment benefits are not available to an ill employee during the period of his illness. The question of ability and availability is one of fact for the Board. This record adequately supports the Board's finding and we reject the claimant's contention that this finding capriciously disregards the physician's certificate above described permitting the claimant to return to work if no driving or machine operation were required.

Order affirmed.

ORDER

AND Now, this 30th day of March, 1982, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.