510 A.2d 864

Ramon Gonzalez, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 14, 1985, to Judges MACPHAIL and DOYLE, and Senior Judge BARBIERI, sitting as a panel of three.

*Robert David Bacher,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, June 4, 1986:
Claimant, Ramon Gonzalez, appeals here an order of the Unemployment Compensation Board of Review

(Board) which affirmed a referee's decision in denying him benefits on the basis of Section 401(d)(1) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d)(1). We reverse.

Claimant was eligible for and was receiving benefits when he was arrested by Lancaster City Police on February 21, 1984 which resulted in his imprisonment for failure to make bail until March 21, 1984 when it was testified at a hearing by the prosecuting authorities that they had arrested the wrong person and that Claimant was not guilty of the offense charged. Nevertheless, Claimant was found ineligible for compensable benefits for the weeks ending February 25 through March 24, 1984 based upon the provisions in Section 401(d)(1) of the Law because he was "not able and available for suitable work." This decision by the Office of Employment Security was affirmed by the referee and the Board.

At the outset, we note that the law is remedial and humanitarian in purpose and its benefits and objectives are not to be frustrated "by slavish adherence to technical and artificial rules." *Unemployment Compensation Board of Review v. Jolliffe,* 474 Pa. 584, 586, 379 A.2d 109, 110 (1977). Furthermore, to penalize the Claimant on the basis of impropriety of others would be in derogation and frustration of the primary objective of the Law to insure against "unemployment and the spread of indigency." *Id.* at 587, 379 A.2d 110.

It is true, of course, that Claimant in order to receive benefits, must be "able to work and available for suitable work," 43 P.S. §801(d)(1), and we are aware that a claimant may not qualify where his unavailability is due to incarceration through his own fault, *Smith v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 292, 370 A.2d 822 (1977), *Mul-*

*queen v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 381, 409 A.2d 958 (1980). We are aware also that our Court has sustained the denial of benefits where the claimant's unavailability was due to physical disability. Thus in *McCurdy v. Unemployment Compensation Board of Review,* 65 Pa. Commonwealth Ct. 503, 442 A.2d 1230 (1982); *Chapman v. Unemployment Compensation Board of Review,* 51 Pa. Commonwealth Ct. 254, 414 A.2d 174 (1980), where claimants' employment was due to physical disability, we sustained the disallowance of benefits on the ground that to allow a recovery of unemployment benefits in such cases would "transform unemployment compensation into a system of health insurance." *McCurdy,* 65 Pa. Commonwealth Ct. at 505, 442 A.2d at 1231. Here we have one who has qualified for, and is the recipient of benefits who is physically "able to work" and would be "available for suitable work," if offered, but for his illegal incarceration. We cannot in light of familiar statutory construction principles read the Law to require that we honor the admitted illegality on the part of the police authorities by approving the termination of benefits on the basis of such a wrong, particularly since there is no evidence here that "suitable work" was available or offered.

Accordingly, we will reverse the Board's denial of benefits.

### ORDER

Now, June 4, 1986, the Order of the Unemployment Compensation Board of Review at Decision No. B-232103, dated June 29, 1984, is hereby reversed and unemployment compensation benefits are granted to Ramon Gonzalez for the compensable weeks ending February 25, 1984 through March 24, 1984.

Jurisdiction relinquished.

636

DISSENTING OPINION BY JUDGE DOYLE:

I respectfully dissent.

Claimant was found ineligible for benefits pursuant to Section 401(d)(1) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §801(d)(1), which provides that "[c]ompensation shall be payable to any employee who is or becomes unemployed, and who . . . (d)(1) [i]s able to work and available for suitable work. . . ." Claimant here has conceded that he was unavailable for work during his period of incarceration; whether he was at fault for his unavailability is simply not relevant for purposes of Section 401(d)(1).

The fault of a claimant becomes relevant when determining the *cause* of unemployment under Section 3 of the Law, 43 P.S. §752. In the two cases cited by the majority, *Smith v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 292, 370 A.2d 822 (1977) and *Mulqueen v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 381, 409 A.2d 958 (1980), the claimant in each case became unemployed *due to* his incarceration. Thus, it was necessary to determine the fault for the incarceration to determine whether claimant became "unemployed through no fault of [his] own" as required under Section 3 of the Law. In the present case, Claimant was unemployed and receiving benefits at the time he was incarcerated. Since his incarceration did not cause his unemployment, Section 3 of the Law was not at issue.

In addition, I can find no meaningful distinction between the present case and other cases in which benefits have been denied under 401(d)(1) because of claimant's unavailability due to physical disability or other circumstances beyond his control. *See, e.g., McCurdy v. Unemployment Compensation Board of Review*, 65 Pa. Commonwealth Ct. 503, 442 A.2d 1230

(1982) (claimant suffering from undiagnosed periods of unconsciousness); *Roman v. Unemployment Compensation Board of Review,* 51 Pa. Commonwealth Ct. 44, 413 A.2d 775 (1980) (claimant obligated to care for sick child); *Unemployment Compensation Board of Review v. Smith,* 25 Pa. Commonwealth Ct. 471, 360 A.2d 833 (1976) (claimant suffering from arthritis and peptic ulcer).

While the majority acknowledges that the Unemployment Compensation Law was not intended to provide health and disability insurance for one who is unable to work due to illness, *Genetin v. Unemployment Compensation Board of Review,* 499 Pa. 125, 451 A.2d 1353 (1982); *McCurdy,* the majority's holding, taken to its logical conclusion, would require the Law to provide such insurance—not only for illness, but also for tortious conduct of third parties, and for any other event by which the claimant, through no fault of his own, becomes unavailable for work.