IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edward Gosner, Sr.,                    :
                    Petitioner         :
                                       :
            v.                         :
                                       :
Unemployment Compensation Board        :
of Review,                             :    No. 552 C.D. 2019
                    Respondent         :    Argued:  June 8, 2020


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ANNE E. COVEY, Judge

OPINION BY
JUDGE COVEY                              FILED:  June 30, 2020


            Edward Gosner, Sr. (Claimant) petitions this Court for review of the
Unemployment Compensation (UC) Board of Review's (UCBR) March 20, 2019
order reversing the Referee's decision and denying Claimant UC benefits under
Section 402(b) of the UC Law (Law).[1]  Claimant presents two issues for this Court's
review: (1) whether Claimant, who notified J Silva and Sons LLP (Employer) that he
was incarcerated and returned to work upon his release to find out the employees had
been laid off, voluntarily quit his employment; and (2) whether Claimant, who was
incarcerated on a charge that was subsequently *nolle prossed*, was unemployed
through his own fault.  After review, we reverse.

            Claimant was last employed as a full-time mechanic/driver by Employer
from September 20, 2017 to February 21, 2018.  On February 23, 2018, Claimant was
arrested and incarcerated until November 7, 2018.[2]  Claimant was unable to contact

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §
802(b) (relating to voluntarily leaving work without cause of a necessitous and compelling nature).

[2] On November 1, 2018, the charges against Claimant were *nolle prossed*.

Employer during his incarceration. After his release from prison, Claimant called his foreman about returning to work and was informed that everyone had been laid off because of a contract loss.

On November 18, 2018, Claimant applied for UC benefits. On December 18, 2018, the Duquesne UC Service Center determined that Claimant was not eligible for UC benefits under Section 402(b) of the Law. Claimant appealed, and a Referee held a hearing.[3] The Referee concluded that Claimant did not intend to voluntarily quit his employment, and reversed the UC Service Center's determination, thereby granting Claimant UC benefits. Employer appealed to the UCBR and requested a remand hearing. The UCBR concluded that Claimant was unemployed through his own fault and reversed the Referee's decision, thereby denying Claimant UC benefits. The UCBR denied Employer's remand request based upon its ineligibility determination. Claimant appealed to this Court.[4]

Initially, Section 402(b) of the Law states that an employee shall be ineligible for compensation for any week "[i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature[.]" 43 P.S. § 802(b). This Court has explained:

> Whether a claimant had cause of a necessitous and compelling nature for leaving work is a question of law subject to this Court's review. A claimant who voluntarily quits his employment bears the burden of proving that necessitous and compelling reasons motivated that decision. In order to establish cause of a necessitous and compelling nature, a claimant must establish that (1) circumstances

---

[3] Claimant was unrepresented at the hearing and Employer did not appear.

[4] "'Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence.' *Miller v. Unemployment Comp. Bd. of Review*, 83 A.3d 484, 486 n.2 (Pa. Cmwlth. 2014)." *Talty v. Unemployment Comp. Bd. of Review*, 197 A.3d 842, 843 n.4 (Pa. Cmwlth. 2018).

2

existed that produced real and substantial pressure to terminate employment, (2) like circumstances would compel a reasonable person to act in the same manner, (3) the claimant acted with ordinary common sense, and (4) the claimant made a reasonable effort to preserve [his] employment.

*Middletown Twp. v. Unemployment Comp. Bd. of Review*, 40 A.3d 217, 227-28 (Pa. Cmwlth. 2012) (citations omitted).

Here, Claimant contends his separation from employment began the date he was released from incarceration and attempted to return to work. Thus, Claimant asserts the separation was caused by lack of work because Employer had laid off its employees due to losing a contract. The UCBR rejoins that the separation occurred when Claimant was incarcerated. Thus, the UCBR maintains the separation was caused by Claimant's failure to return to work.

Claimant first argues that the UCBR lacked substantial evidence to determine that Claimant voluntarily quit his employment. Specifically, Claimant contends that, because he intended to return to work upon his release from prison, he did not voluntarily quit his employment.

At the outset,

**[i]n UC cases, the [UCBR's] findings of fact must be supported by '[s]ubstantial evidence** [which] is defined as 'such relevant evidence which a reasonable mind would accept as adequate to support a conclusion.'' *W*[.] *& S*[.] *Life Ins*[.] *Co. v. Unemployment Comp*[.] *[Bd.] of Review*, 913 A.2d 331, 335 (Pa. Cmwlth. 2006) (quoting *Guthrie v. Unemployment Comp*[.] *[Bd.] of Review*, 738 A.2d 518, 521 (Pa. Cmwlth. 1999)). 'The [UCBR's] findings are conclusive on appeal so long as the record, when viewed in its entirety, contains substantial evidence to support the findings.' *W*[.] *& S*[.] *Life Ins*[.] *Co.*, 913 A.2d at 335. This Court is bound 'to examine the testimony in the light most favorable to the party in whose favor the [UCBR] has found, giving that party the benefit of all inferences that can logically and reasonably be drawn from the testimony' to determine if substantial evidence exists for the [UCBR's]

3

findings. *U*[.]*S*[.] *Banknote Co. v. Unemployment Comp*[.] [*Bd.*] *of Review*, . . . 575 A.2d 673, 674 ([Pa. Cmwlth.] 1990). Moreover, 'even if there is contrary evidence of record, the [UCBR's] findings of fact are binding upon the Court where supported by substantial evidence.' *Borough of Coaldale v. Unemployment Comp*[.] [*Bd.*] *of Review*, 745 A.2d 728, 731 (Pa. Cmwlth. 2000).

*Cambria Cty. Transit Auth. (Cam Tran) v. Unemployment Comp. Bd. of Review*, 201 A.3d 941, 947 (Pa. Cmwlth. 2019) (emphasis added).

"When an employee is absent from work without permission, such absenteeism may constitute just cause for his dismissal, but it does not constitute 'voluntarily leaving work' under Section 402(b)[] of the Law." *Hutt v. Unemployment Comp. Bd. of Review*, 367 A.2d 390, 391 (Pa. Cmwlth. 1976).

> **The phrase 'voluntarily leaving work'** in Section 402(b)[] [of the Law] **means that 'he left of his own motion**; he was not discharged. It is the opposite of a discharge, dismissal or layoff by the employer or other [a]ction by the employer severing relations with [its] employes . . . .' *Labor* [*&*] *Indus*[.] [*Dep't*] *v. Unemployment Comp*[.] [*Bd.*] *of Review*, . . . 3 A.2d 211, 213 ([Pa. Super.] 1938). . . .

*Hutt*, 367 A.2d at 391 (emphasis added).

The Pennsylvania Supreme Court clarified:

The resolution of [whether an employee voluntarily quit his job] requires a determination of the intent of the employee[]. Case law has established '**a finding of voluntary termination is essentially precluded unless the claimant had a conscious intention to leave his employment**.' . . . *Roberts v.* [*Unemployment Comp. Bd. of Review*], . . . 432 A.2d 646[, 648] ([Pa. Cmwlth.] 1981). Furthermore, the case law supports the [] contention that leaving the premises is not enough to determine intent to voluntarily terminate employment. However, where an employee without any action of the employer resigns, leaves or quits employment that action amounts to a voluntary leaving. In all cases the totality of the circumstances surrounding the incident must be considered when determining the intent to quit.

4

*Monaco v. Unemployment Comp. Bd. of Review*, 565 A.2d 127, 129 (Pa. 1989) (emphasis added; citations omitted).

Here, Claimant testified:

> **I didn't voluntarily leave**. **I would've been in work the next day**. I never missed a day. These guys, I loved working with these guys. This isn't a, you know, a one-day job thing. This was a lifetime employment, here. I also, last year, prior to this we do drilling. We're underground drillers. I'm supposed to go (inaudible) 542 operating engineer for drilling. I also applied in -- for the local 542 to go to the training camp for drilling. And, you know, I've been proceeding this still today, you know, to go back where I was last year. I just lost a year, so, you know I'm trying to get back to where I was last year. I lost everything that I owned, you know. I was robbed while I was unemployed -- being incarcerated; I'm sorry. I was incarcerated. I was robbed for everything I had just because a cop shows up at your door and arrests you. . . .

Certified Record Item 11, Notes of Testimony, January 23, 2019 (N.T.) at 10 (emphasis added). Claimant explained that he told his mother to tell the foreman, who lived around the corner, that Claimant was incarcerated. *See* N.T. at 6-7. Claimant related that his mother received assurances from Employer that Claimant's job would be all right. *See* N.T. at 7.

The UCBR concluded:

> Section 402(b) of the Law provides that a claimant shall be ineligible for compensation for any week in which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. Since [] [**C**]**laimant voluntarily left his employment**, the burden rests upon him to show cause of a necessitous and compelling nature for so doing.

UCBR Dec. at 2 (emphasis added). Examining the testimony in the light most favorable to Employer, as we must, *see Cam Tran*, this Court holds that substantial evidence does not support a finding that Claimant "had a conscious intention to leave

5

his employment." *Monaco*, 565 A.2d at 129 (quoting *Roberts*, 432 A.2d at 648).  In fact, since Employer did not appear at the hearing, there was no contrary evidence offered.  Moreover, as required by our Supreme Court's directive in *Monaco*, the UCBR made no finding that Claimant had a conscious intention to leave his employment.  Consequently, there is no record evidence to support the UCBR's conclusion that Claimant voluntarily left his employment.  Accordingly, the UCBR erred by denying Claimant UC benefits based on the conclusion that Claimant voluntarily left his employment.[5]

The UCBR further reasoned:

> **Using Section 3 [of the Law] as an interpretive aide, [] [C]laimant was clearly unemployed through fault of his own**.  [] [C]laimant admitted that he had a domestic dispute which was a violation of his parole.[6] An employee who engages in criminal activity punishable by incarceration should realize that his ability to attend work may be jeopardized.  Therefore, benefits are denied to [] [C]laimant under Section 402(b) of the Law.

UCBR Dec. at 2 (emphasis added).

Claimant also argues that, because the charges for which he was incarcerated were subsequently *nolle prossed*, he was unemployed through no fault of his own.  The UCBR rejoins that the fact that the prosecutor chose not to move forward with the case does not mean that Claimant was incarcerated through no fault of his own.  The UCBR cites *Bruce v. Unemployment Compensation Board of Review*, 2 A.3d 667 (Pa. Cmwlth. 2010), to support its position.

---

[5] "It is true, however, that '(a)bsence from work, even for a good cause such as illness may become, through the lapse of an unreasonable amount of time, a voluntary termination.'" *Hutt*, 367 A.3d at 391 (quoting *Unemployment Comp. Bd. of Review v. Thomas*, 354 A.2d 46, 47 (Pa. Cmwlth. 1976)).  Notwithstanding, that was not the UCBR's rationale in the instant case.

[6] Claimant made no such admission.  Rather, Claimant testified: "I had an issue with my home.  Police were called.  And, I was arrested at the door and detained from that point on."  N.T. at 6.

6

In *Bruce*, the claimant missed work because she was charged and incarcerated for drug offenses. The claimant was subsequently admitted into the accelerated rehabilitation disposition (ARD) program. Relative to Section 3 of the Law, the *Bruce* Court held that because the "[UCBR] found that [the c]laimant was not acquitted of the charges but, rather, that she entered into the ARD program . . . [the c]laimant failed to show that her arrest and subsequent incarceration, which kept her from reporting to work or personally calling off, were through no fault of her own." *Bruce*, 2 A.3d at 676.

This Court finds the instant matter more analogous to *Gonzalez v. Unemployment Compensation Board of Review*, 510 A.2d 864 (Pa. Cmwlth. 1986), than *Bruce*. In *Gonzalez*, the claimant was arrested for a crime for which the prosecutor later testified the wrong person was arrested and the claimant was not guilty of the offense charged. The *Gonzalez* Court expounded:

> It is true, of course, that [c]laimant in order to receive benefits, must be 'able to work and available for suitable work,' [Section 401(d)(1) of the Law,] 43 P.S. § 801(d)(1), and we are aware that **a claimant may not qualify where his unavailability is due to incarceration through his own fault**, *Smith v. Unemployment Comp[.] [Bd.] of Review*, . . . 370 A.2d 822 ([Pa. Cmwlth.] 1977);[7] *Mulqueen v. Unemployment Comp[.] [Bd.] of Review*, . . . 409 A.2d 958 ([Pa. Cmwlth.] 1980).[8] We are aware also that our Court has sustained the denial of benefits where the claimant's unavailability was due to physical disability. Thus[,] in *McCurdy v. Unemployment Compensation Board of Review*, . . . 442 A.2d 1230 ([Pa. Cmwlth.] 1982) [and] *Chapman v. Unemployment Compensation Board of Review*, . . . 414 A.2d 174 ([Pa. Cmwlth.] 1980), where

---

[7] The *Smith* Court held that because the claimant, who was incarcerated for non-payment of child support, had the option of being released if he paid the support arrears and chose not to, his incarceration was through his own fault. Thus, *Smith* is inapposite.

[8] The *Mulqueen* Court held that because the claimant pled guilty to the charges for which he was incarcerated, the claimant was incarcerated through his own fault. Hence, *Mulqueen* is inapposite.

7

claimants' [un]employment was due to physical disability, we sustained the disallowance of benefits on the ground that to allow a recovery of unemployment benefits in such cases would 'transform [UC] into a system of health insurance.' *McCurdy*, . . . 442 A.2d at 1231. **Here we have one** . . . **who is physically 'able to work' and would be 'available for suitable work,' if offered, but for his illegal incarceration**. We cannot in light of familiar statutory construction principles read the Law to require that we honor the admitted illegality on the part of the police authorities by approving the termination of benefits on the basis of such a wrong[.]

*Gonzalez*, 510 A.2d at 865 (emphasis added).

The charges for which Claimant was incarcerated herein were *nolle prossed*. The Pennsylvania Supreme Court has held that a *nolle pros* is a favorable outcome. Specifically, our Supreme Court has elucidated:

[T]he [Pennsylvania] Superior Court erred in finding that the [] criminal action against appellant, which ended in the entry of a *nolle pros* by the Commonwealth, did not terminate in favor of appellant. The prosecution formally abandoned the criminal proceedings against appellant when it *nolle prossed* the [] charges because of insufficient evidence. As such, the proceedings terminated in favor of the appellant pursuant to Restatement (Second) of Torts § 659(c) [(Am. Law Inst. 1977)]. '[**I**]**f** the defendant is discharged after abandonment of the charges by the prosecutor, or **the charges are withdrawn by the prosecutor, this is sufficient to satisfy the requisite element of** prior **favorable termination of the criminal action**.' *Woodyatt v. Bank of Old York R*[*d.*], . . . 182 A.2d 500, 501 ([Pa.] 1962).

*Haefner v. Burkey*, 626 A.2d 519, 521 (Pa. 1993) (emphasis added). Accordingly, because Claimant's charges were *nolle prossed*, the UCBR erred by concluding that Claimant was unemployed through his own fault.

8

For all of the above reasons, the UCBR's order is reversed.


_____
ANNE E. COVEY, Judge

Edward Gosner, Sr.,         :
             Petitioner   :
                             :
           v.          :
                             :
Unemployment Compensation Board  :
of Review,                  :    No. 552 C.D. 2019
               Respondent   :

## O R D E R

AND NOW, this 30th day of June, 2020, the Unemployment Compensation Board of Review's March 20, 2019 order is reversed.

_____
ANNE E. COVEY, Judge