IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John F. Brucker,                 :
               Petitioner        :
                               :
      v.                       :
                               :
Unemployment Compensation   :
Board of Review,              :   No. 1621 C.D. 2023
             Respondent   :   Submitted: November 7, 2024

BEFORE:   HONORABLE ANNE E. COVEY, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE STACY WALLACE, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON             FILED: December 10, 2024

John F. Brucker (Claimant), *pro se*, petitions for review of the November 22, 2023, order of the Unemployment Compensation Board of Review (Board). The Board affirmed the referee's determination that Claimant was unable and unavailable to work and, therefore, ineligible for unemployment compensation benefits (UC benefits) under Section 401(d)(1) of the Unemployment Compensation Law (Law), 43 P.S. § 801(d)(1).[1] Upon review, we affirm.

## I. Factual & Procedural Background

Claimant previously worked for Home Depot. Certified Record (C.R.) at 11.[2] On July 14, 2020, he applied online for UC benefits. *Id.* at 6. The docket

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 751-919.10.

[2] Certified Record references are to electronic pagination.

indicates that his claim took some time to evaluate, but on May 17, 2021, the UC service center issued a notice of determination advising Claimant that he was ineligible for UC benefits because he "is unable to perform any type of work at all due to his health condition" and "in order to qualify for benefits, a claimant must show that he is able and available" to work during the weeks he seeks UC benefits. *Id*. at 8.

The notice stated that the last day for Claimant to appeal was June 1, 2021. C.R. at 8. Claimant was initially advised that his appeal was untimely because it was not received by the Department of Labor & Industry (Department) until August 19, 2021. *Id*. at 11. A referee conducted a telephonic hearing on September 17, 2021. Claimant presented an explanation and evidence to establish that his appeal from the notice of determination had been timely. *Id*. at 66-69.

On the merits, Claimant stated that when he worked for Home Depot, he sustained a work-related back injury in October 2018. C.R. at 70. He had been out of work since January 2019 due to that injury. *Id*. He settled his workers' compensation claim from that injury and resigned his employment with Home Depot in June 2020, shortly before he applied for UC benefits. *Id*. at 14 & 70. If he had been offered a job in July 2020 when he applied for UC benefits, he would not have been able to take it because his doctor had "physically listed [him] as disabled" and unable to work at all. *Id*. at 70. He believed that UC benefits were "supposed to be a bridge" between his workers' compensation settlement and his eligibility for Social Security Disability benefits so that he did not have to spend his settlement funds. *Id*. at 69. His disability was ongoing as of the September 2021 hearing. *Id*. at 71.

The referee acknowledged issues with Claimant's case and surmised that the delay between Claimant's application and receipt of determination was

2

likely because the time between when he went out of work on workers' compensation and when he applied for UC benefits would not have counted in the Department's calculation of his earnings, so it was necessary to go further back to get that information. C.R. at 73. Also, the Department had to confirm the nature of Claimant's separation from Home Depot in order to determine his eligibility. *Id*. The referee stated that this kind of administrative investigation can take time and the circumstances during the COVID-19 pandemic made it more difficult and slower. *Id*. at 73-74. The referee explained, however, that Claimant's acknowledgement of complete disability rendered him ineligible for UC benefits because they are designed to compensate people who are able and available to work and who are unemployed through no fault of their own, not disabled people eligible for Social Security Disability benefits. *Id*. at 72-74.

The referee issued a decision on September 24, 2021. The referee found that Claimant's appeal from the May 2021 notice of determination had been timely. C.R. at 78. However, the referee also found that Claimant "was not able to perform any work" for the weeks he applied for benefits because "he was deemed disabled by his doctor." C.R. at 78. The referee concluded, therefore, that Claimant was not able and available to work, as required by Section 401(d)(1) of the Law to be eligible for UC benefits. *Id*. Claimant timely appealed to the Board, which affirmed in a November 22, 2023, final order that similarly concluded Claimant had not shown that he was able and available to work during the weeks he sought to receive UC benefits. *Id*. at 100-01. Claimant timely appealed *pro se* to this Court.

## II. Issues

Claimant asks why his claim was denied "on no real grounds" when he paid into the system from paycheck deductions while he was previously employed and generally challenges the sufficiency of the evidence supporting the Board's determination. *See Pro Se* Letter & Ancillary Notice of Appeal; Claimant's Br. at 3-11. The Board's counsel responds that Claimant admitted at the hearing that when he applied for UC benefits, he was unable to work at all because his doctor had deemed him disabled. Board's Br. at 5. Board counsel notes that being able and available to work is a statutory precondition to receive UC benefits; as such, there was no error in the denial of Claimant's application. *Id*. at 5-7.

## III. Discussion
### A. Claimant's Eligibility for UC Benefits

Section 401 of the Law sets forth conditions that must be met for a claimant to be eligible for UC benefits.[3] Relevant to this appeal, Section 401(d)(1) requires that a claimant "[i]s able to work and available for suitable work" to be eligible for UC benefits. 43 P.S. § 801(d)(1). A claimant who is "physically unavailable for work is thereby disqualified from benefits" because otherwise, unemployment compensation would become what it was not designed to be: short-term disability benefits. *McCurdy v. Unemployment Comp. Bd. of Rev.*, 442 A.2d 1230, 1231 (Pa. Cmwlth. 1982); *see also Carter v. Unemployment Comp. Bd. of*

---

[3] "Our review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence." *Key v. Unemployment Comp. Bd. of Rev.*, 687 A.2d 409, 411 n.2 (Pa. Cmwlth. 1996) (citing 2 Pa.C.S. § 704).

*Rev.*, 442 A.2d 1245, 1248 (Pa. Cmwlth. 1982) (holding that UC benefits do not cover "the physically or mentally ill during the periods they are unemployable").

Procedurally, claimants are presumed to be able and available to work. *Rohde v. Unemployment Comp. Bd. of Rev.*, 28 A.3d 237, 243 (Pa. Cmwlth. 2011). This presumption is rebuttable by evidence that the claimant is physically limited or unable to work. *Id.* If the presumption of availability is rebutted, the burden shifts to the claimant to produce evidence that he is "able to do some type of work and that there is a reasonable opportunity for securing such work." *Id.* "The law does not require that the employee be available for full-time work, for permanent work, for his most recent work, or for his customary job, so long as the claimant is ready, willing, and able to accept some suitable work." *Id.* If a claimant fails to challenge specific findings of fact made by the Board, the Board's findings of fact are "conclusive on appeal." *Campbell v. Unemployment Comp. Bd. of Rev.*, 694 A.2d 1167, 1169 (Pa. Cmwlth. 1997).

Claimant stated in his appeal of the Department's May 2021 determination that he was disabled and seeking Social Security Disability benefits. C.R. at 14. When asked by the referee if he would have been able to work during the weeks he sought UC benefits, Claimant replied: "No, because I have a back injury, and my back injury is stopping me from basically performing any of my job functions that I had, and that's why I'm going for disability." *Id*. at 70. The referee then asked: "You are not able to work at all?" *Id.* Claimant replied: "Correct." *Id*. Claimant reiterated several times that he could not work at all and stated that his disability continued as of the date of the hearing. *Id*. at 70-71.

The referee concluded that Claimant had not shown that he was able and available to work. C.R. at 78. The Board agreed with the referee's

5

determination. *Id.* at 100-01. Based on Claimant's clear admission on the record during the hearing that he was unable to do any kind of work, that his doctor had deemed him totally disabled, and that he was applying for Social Security Disability, the Board's factual conclusions were supported by evidence of record, which rebutted the presumption that Claimant was able and available to work. *Rohde*, 28 A.3d at 243. The Board's conclusions also comported with the Law. Section 401(d)(1) clearly states that in order to be eligible for UC benefits, a claimant must be able and available to work, and Claimant acknowledged that he was unable to work at all during the time for which he sought benefits. *McCurdy*, 442 A.2d at 1231; *see also Carter*, 442 A.2d at 1248.

Moreover, Claimant's assertions that he should receive benefits because he previously paid into the UC system through payroll deductions and that for him, UC benefits are warranted as a "bridge" between workers' compensation and Social Security Disability are meritless. *Sam v. Unemployment Comp. Bd. of Rev.*, 528 A.2d 1067, 1068 (Pa. Cmwlth. 1987); *McCurdy*, 442 A.2d at 1231; *see also Carter*, 442 A.2d at 1248. The Law's requirement that employees contribute to UC benefit funding through payroll deductions does not "establish a *quid pro quo* entitlement" to benefits for a claimant who has paid into the system but does not meet the requirements set forth in Section 401, including the ability and availability to work as required by Section 401(d)(1). *See Sam*, 528 A.2d at 1068.

## IV. Conclusion

In light of the foregoing discussion, the Board's affirmance of the referee's conclusion that while Claimant's appeal was timely, he was ineligible for

UC benefits due to his admitted disability, was supported by substantial evidence of record and legally correct. Accordingly, the Board's order will be affirmed.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John F. Brucker, : 
                Petitioner : 
                             : 
                  v. : 
                             : 
Unemployment Compensation : 
Board of Review, :     No. 1621 C.D. 2023
                Respondent : 

# **O R D E R**

AND NOW, this 10th day of December, 2024, the November 22, 2023, order of the Unemployment Compensation Board of Review is AFFIRMED.

_____

CHRISTINE FIZZANO CANNON, Judge