**MORRISONS COVE HOME**

v.

**BLAIR COUNTY BOARD OF ASSESSMENT APPEALS.**

**Appeal of Spring Cove School District.**

**Morrisons Cove Home**

v.

**Blair County Board of Assessment Appeals.**

**Appeal of Borough of Martinsburg.**

Commonwealth Court of Pennsylvania.

Argued Oct. 31, 2000.
Decided Dec. 4, 2000.

Carl P. Beard, Altoona, for appellant, Spring Cove School District.

Russell J. Montgomery, Altoona, for appellant, Borough of Martinsburg.

Ralph M. Monico, Hollidaysburg, for appellee, Blair County, Bd. of Assessment Appeals.

Samuel R. Fry, II, Shillington, for appellee, Morrisons Cove Home.

Before FRIEDMAN, Judge, LEADBETTER, Judge, and LEDERER, Senior Judge.

LEADBETTER, Judge.

The Borough of Martinsburg and the Spring Cove School District appeal from the January 12, 2000 order of the Honorable Hiram A. Carpenter, Blair County Court of Common Pleas, reducing the assessed value of appellee Morrisons Cove Home's (MCH) properties and ordering appellants to refund MCH's overpayment of taxes. This case commenced when MCH filed a petition for appeal from the decision of the Blair County Board of Assessment Appeals (Board) on November 6, 1997. After an initial listing and a continuance, the matter was listed for non-jury trial on November 29, 1999. However, before trial, appellees' settlement negotiations resulted in a stipulation which appellees submitted to the court. On January 12, 2000, the trial court entered an order which memorialized the stipulated settlement, reduced the assessment on MCH's property for tax year 1999 and thereafter, and ordered the Borough and the School Board to refund $6,764.30 and $32,168.00, respectively, to MCH.[1] The court held no hearing and heard no evidence prior the entry of the order.

The Borough and the School District appeal[2] from the trial court's January 12, 2000 hearing, arguing that the trial court is prohibited from basing a decision in a property assessment appeal on a settlement agreement without an evidentiary hearing. However, the merits of the appellants' arguments need not be addressed because this court lacks jurisdiction to hear the appeal.

■ The Pennsylvania Rules of Appellate Procedure provide that a notice of appeal must be filed with the clerk of the lower court within 30 days after the entry of the order from which the appeal is taken. Pa. R.A.P. 902, 903(a). The filing of a timely appeal is a jurisdictional requirement which must be met before an appellate court may consider an appeal. *Berry v. Commonwealth, Unemployment Compensation Bd. of Review*, 33 Pa. Cmwlth. 565, 382 A.2d 487 (1978), *aff'd*, 488 Pa. 180, 411 A.2d 1198 (1980). Judge Carpenter's order was entered on the court's docket on January 18, 2000. Appellants did not file their notice of appeal until March 15, 2000. Thus, appellants' notice was filed 26 days late.

■ Appellants protest that the Board did not mail them notice of the trial court's action until February 15, 2000. Therefore, appellants argue that the period within which they were entitled to appeal from the assessment changes commenced to run on the date that the Board mailed the notice of the changes. The Fourth to Eighth Class County Assessment Law[3] requires the board of assessment appeals

1. Said refunds were for overpayment of taxes for fiscal years 1998–1999 and 1999–2000.

2. Although appellants took no part in the litigation of this case before the Board or the trial court, they have standing to appeal pursuant to Section 706 of the Fourth to Eighth Class County Assessment Law, which grants a taxing party the right to appeal "as though it had been a party to the proceedings" in the trial court, even if they were not, in fact, such a party. Act of May 21, 1943, P.L. 571, *as amended*, 72 P.S. § 5453.706.

3. Section 703.1 of the Act of May 21, 1943, P.L. 571, *as amended*, 72 P.S. § 5453.703a, added by Section 1 of the Act of February 28, 1956, P.L. (1955) 1193. Appellants cite to Section 8.1 of the Second Class A and Third Class County Assessment Law, Act of June 26, 1931, P.L. 1379, *as amended*, 72 P.S. § 5349.1, added by Section 1 of the Act of February 28, 1956, P.L. (1955) 1194. This provision is inapplicable to appeals of assessment changes in Blair County, a fifth class county. However, as noted above, the correct statute contains the same provision.

to notify the taxing authorities in which a property is located of any change in the assessed value of the property of $300.00 or more. Section 703.1 further provides that the time limit within which the taxing authority is entitled to appeal from the assessment change begins to run on the day such notice is mailed or otherwise delivered.

However, for two reasons, we are unable to afford the taxing authorities any relief. First, although they have made representations on appeal as to the time and nature of notice given them (and the Borough has attached a copy of an envelope to its reply brief), the *record* is entirely silent on this issue. Moreover, even if the record established the factual predicate for appellants' statutory argument, we would be barred as a matter of law from applying the act to the extent that it directly conflicts with Rule 902.

■ Our constitution provides that, "The Supreme Court shall have the power to prescribe general rules governing practice, procedure and the conduct of all courts...." Further, "All laws shall be suspended to the extent that they are inconsistent with rules prescribed under these provisions." Pa. Const. art. 5, § 10(c). Laws governing the judiciary and judicial procedure mirror these provisions. 42 Pa.C.S. § 1722. Therefore, Section 703.1 is suspended to the extent that its provisions conflict with Rule 902.[4]

Because this court lacks jurisdiction to act on this appeal, we quash.

## O R D E R

AND NOW, this 4th day of December, 2000, the appeals of the Spring Cove School District and the Borough of Mar-

tinsburg in the above captioned matters are hereby QUASHED.

---

4. This is not to say that parties in appellants' situation have no remedy. Where taxing authorities are not provided with timely notice pursuant to the statute, they may petition the common pleas court to allow a *nunc pro tunc* appeal. In that context an appropriate factual record can be developed and, if the legal requirements have been satisfied, common

pleas may allow the appeal. *See, e.g., Cook v. Unemployment Compensation Bd. of Review,* 543 Pa. 381, 383, 671 A.2d 1130, 1131 (1996); *see also, Hanoverian, Inc. v. Lehigh County Bd. of Assessment,* 701 A.2d 288, 289 (Pa. Cmwlth.1997). However, no such request was made in this case.