Susan Voynow,      :
     Petitioner   :
           :
  v.        :
           :
Unemployment Compensation  :
Board of Review,     :  No. 613 C.D. 2019
     Respondent  :  Submitted: November 27, 2019


BEFORE:  HONORABLE MARY HANNAH LEAVITT, President Judge
      HONORABLE ANNE E. COVEY, Judge
      HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON    FILED: September 25, 2020


   Susan Voynow (Claimant), *pro se*, petitions for review of the April 19, 2019 order of the Unemployment Compensation Board of Review (Board) determining that Claimant was financially ineligible for unemployment compensation benefits (benefits) under Section 401(a)(2) of the Pennsylvania Unemployment Compensation Law (Law).[1] Upon review, we affirm.

   During the first quarter of 2018, Claimant worked for American Oncologic and Manor College, and also performed work as a part-time coach in the

---

[1] Section 401(a)(2) of the Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 801(a)(2). In order to be eligible for benefits pursuant to Section 401(a)(2) of the Law, a claimant must have received payment of at least 37% of his or her total base year wages in one or more quarters other than the highest quarter in the claimant's base year. 43 P.S. § 801(a)(2).

University of California, Los Angeles' Anderson Executive Education's (Anderson) leadership development program. Board's Decision & Order, 4/19/19 at 1, Findings of Fact (Board's F.F.) 3-5, Certified Record (C.R.) at 101;[2] *see also* Transcript of Testimony (T.T.), 1/7/19 at 4, C.R. at 68. During the second quarter of 2018, Claimant only worked for American Oncologic. Board's F.F. 7. Claimant filed a claim for benefits effective October 21, 2018, thereby establishing a base year of July 1, 2017 through June 20, 2018. Referee's Decision & Order, 1/14/19 at 1, Finding of Fact (Referee's F.F.) 1, C.R. at 87. The Unemployment Compensation (UC) Service Center found that Claimant was not financially eligible for benefits because at least 37% of her qualifying wages were not paid outside the calendar quarter in which Claimant earned the highest wages within the base year. Notice of Financial Determination at 1, C.R. at 20.

Claimant appealed and on January 7, 2019, the referee conducted a hearing at which Claimant and a representative appearing on behalf of Manor College testified. Board's Decision & Order, 4/14/19 at 2, C.R. at 102; T.T., 1/7/19 at 1, C.R. at 65. The referee also identified American Oncologic as one of Claimant's employers, but noted that no representatives appeared to testify on its behalf. Referee's Decision & Order, 1/14/19 at 2, C.R. at 88. The referee found that Claimant was financially ineligible for benefits under Section 401(a)(2) of the Law, thereby affirming the UC Service Center's determination. Referee's Decision & Order, 1/14/19 at 3, C.R. at 89. The referee found that Claimant did not qualify as an employee of Anderson and, thus, excluded Claimant's earnings from Anderson from the calculations. Referee's Decision & Order, 1/14/19 at 2, C.R. at 88.

---

[2] Our citations to the certified record reference the page numbers of the PDF document, as the record is not paginated.

2

Claimant appealed, and the Board modified and affirmed the referee's decision on April 19, 2019. Board's Decision & Order, 4/19/19 at 4, C.R. at 104. Contrary to the referee's determination, the Board concluded that Claimant was not an independent contractor, but rather an employee of Anderson. Board's Decision & Order, 4/19/19 at 3, C.R. at 103. Nevertheless, the Board determined that even with the inclusion of earnings from Anderson, Claimant did not receive payment of at least 37% of her total base year wages outside her highest quarter and, therefore, did not receive sufficient payment of wages to be deemed financially eligible under Section 401(a)(2) of the Law, 43 P.S. § 801(a)(2). *See* Board's F.F. 8-9; Board's Decision & Order, 4/19/19 at 3, C.R. at 103.

On April 30, 2019, Claimant submitted a letter to the Court indicating her intention to appeal the Board's decision and attaching a copy of the Board's April 19, 2019 decision. Claimant's Letter filed 4/30/19. On the same date, Claimant submitted to the Board a request for reconsideration of its April 19, 2019 decision. Request for Reconsideration, 4/30/19, C.R. at 108. On May 17, 2019, the Board denied Claimant's request for reconsideration. Board's Denial, 5/17/19, C.R. at 114. Consequently, Claimant's appeal of the April 19, 2019 decision remained operative before this Court. *See* Pa.R.A.P. 1701(b)(3), Note (stating that if government unit denies application for reconsideration, prior appeal will remain in effect).

Claimant thereafter submitted an ancillary petition for review in order to perfect her April 30, 2019 appeal, as instructed by this Court. *See* Ancillary Petition for Review, 5/21/19; *see also* Pro Se Letter on How to Appeal, 4/30/19. Claimant does not raise any matters on appeal challenging the merits of the April 19, 2019 decision. Despite only identifying the Board's April 19, 2019 decision on

3

the merits as the subject of her appeal in her ancillary petition for review, Claimant's contentions in her petition challenge the Board's denial of her request for reconsideration. Specifically, Claimant asserts in her petition that when preparing her taxes, she located an IRS form 1099 for a job that ended the fourth quarter of 2017, but for which she received payment during the first quarter of 2018. Ancillary Petition for Review, 5/21/19. Claimant contends that she submitted the request for reconsideration because inclusion of these additional first quarter earnings would render her financially eligible for benefits. *Id.*

We may not, however, review Claimant's arguments challenging the Board's denial of her request for reconsideration, as Claimant did not appeal the denial of that order and, therefore, has failed to bring the Board's denial of her request for reconsideration before this Court.[3] *See Keith v. Dep't of Pub. Welfare*, 551 A.2d 333, 336 (Pa. Cmwlth. 1988) (stating a governmental unit's denial of reconsideration is an appealable order). Because Claimant did not appeal the May 17, 2019 decision (*nunc pro tunc* or otherwise) or seek to amend her petition for review to include review of the May 17, 2019 decision,[4] this Court does not have

---

[3] Although the Board does not raise this deficiency and, instead, addresses the merits of Claimant's arguments with respect to its denial of Claimant's request for reconsideration, we may raise this issue *sua sponte* because it relates to our subject matter jurisdiction. *See Fried v. Fried*, 501 A.2d 211 (Pa. 1985) (stating, "questions relating to jurisdiction are not waived by the failure of the parties to raise them, and may properly be raised by the court *sua sponte*").

[4] We are not unsympathetic to the complexities of our procedural rules; however, to allow a party to seek review of a final order denying reconsideration without identifying the order as one being appealed in its petition for review would ignore our jurisdictional mandate and would allow a party an automatic appeal of the denial of reconsideration without having to comply with deadlines for filing such appeal. *See* 42 Pa.C.S. § 763(a)(1) (stating Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the Board); Pa.R.A.P. 1512(a)(1) (stating petition for review of quasi-judicial order shall be filed with appellate court within 30 days after entry of order).

jurisdiction to consider the denial of the request for reconsideration. *See Morrisons Cove Home v. Blair Cty. Bd. of Assessment Appeals*, 764 A.2d 90, 91 (Pa. Cmwlth. 2000) (stating that the filing of a timely appeal is a jurisdictional requirement which must be met before an appellate court may consider an appeal) (citing *Berry v. Unemployment Comp. Bd. of Review*, 382 A.2d 487, 489 (Pa. Cmwlth. 1978)); *cf. J.B. Stevens, Inc. v. Dep't of Transp.*, 627 A.2d 278, 281 (Pa. Cmwlth. 1993) (affirming agency's denial of petition for reconsideration but declining to review final order on merits where petitioner only appealed agency's denial of reconsideration and did not appeal final order on merits). Therefore, we cannot conduct appellate review of the Board's May 17, 2019 order.[5]

---

This Court acknowledges that the Board's notices/appeal instructions may have been confusing, especially for Claimant who was *pro se*. For example, on May 1, 2019, the Board notified Claimant that it received her request for reconsideration and stated:

> Please understand that your request for reconsideration by the Board does not relieve you of any responsibility for further appeal to the Court. Unless the Board takes action to grant your request and vacate its decision, *the statutory period for filing a further appeal to the Court runs only for thirty (30) days from the above date issued [(April 19, 2019)]*.

C.R. Item No. 13 at 1 (emphasis added). Subsequently, on May 17, 2019, the Board issued its order denying Claimant's request for reconsideration. With regard to Claimant's appeal rights, the Board stated:

> The Board's decision became final on the above issued date [(April 19, 2019)]. *Any aggrieved party may take an appeal to the Commonwealth Court of Pennsylvania within thirty (30) days after that issued date*.

C.R. Item No. 14 at 1 (emphasis added). Neither the Board's notice nor its order address an appeal from the Board's denial of reconsideration.

[5] The Dissent suggests that this Court has jurisdiction and, therefore, appellate review is appropriate, by virtue of Section 101.111(b) of the Board's regulations, which provides that "[t]he request for reconsideration and the ruling of the Board shall be made a part of the record and subject to review in connection with any further appeal to the Commonwealth Court." 34 Pa. Code

5

Nevertheless, we note that even if we were to review Claimant's challenge to the denial of reconsideration, Claimant would not prevail. A request for reconsideration will be granted only for good cause in the interest of justice and in the absence of prejudice to any party. 34 Pa. Code § 101.111(b). "In determining whether 'good cause' exists, the [Board] must consider whether the party requesting reconsideration has presented new evidence or changed circumstances or whether [the Board] failed to consider relevant law." *Laster v. Unemployment Comp. Bd. of Review*, 80 A.3d 831, 833-34 (Pa. Cmwlth. 2013). A denial of a request for reconsideration may be reversed only for clear abuse of discretion. *Id.* at 834 n.5.

Here, Claimant seeks to introduce an IRS form 1099 which she proffers shows additional earnings sufficient to make her eligible for benefits. Claimant's Brief at 9; Claimant's Request for Reconsideration, 4/30/19, C.R. at 108. Claimant contends that this is "newly discovered evidence," which she discovered in mid-April 2019, too late for the hearing, and that she did not submit the form 1099 previously because she was paid by check, rather than direct deposit, such that the payment was not visible when she checked her bank statements because she had deposited the check with others. *See* Claimant's Request for Reconsideration, 4/30/19, C.R. at 108; Claimant's Brief at 9-10. However, Claimant concedes that

§ 101.111(b). The Dissent's reliance on this regulation fails for multiple reasons. First, and most importantly, a regulation of the Board cannot confer jurisdiction upon this Court. As noted above, the General Assembly has conferred upon this Court jurisdiction over final orders of the Board, including both the Board's order on the merits and its denial of reconsideration. *See* 42 Pa.C.S. § 763(a)(1); *Keith*. Additionally, Pa.R.A.P. 1513 requires a petition for review filed with this Court to identify the order, including the date, sought to be reviewed, and to include a copy of said order as an attachment. *See* Pa.R.A.P. 1513(d)(4), (7). Claimant here only identified and sought review of the Board's April 19, 2019 order on the merits. Second, the language "further appeal" in the Board's regulation cannot be interpreted as referring to Claimant's already filed appeal on the merits and as automatically subsuming Claimant's appeal of a denial of reconsideration into this previously filed appeal, especially in light of Pa.R.A.P. 1513. Finally, Claimant has not raised any argument concerning Section 101.111(b) of the Board's regulations.

she deposited the check evidencing the additional payment. Claimant's Request for Reconsideration, 4/30/19, C.R. at 108. Notably, Claimant does not contend that the evidence of additional earnings was unavailable at the time of the January 7, 2019 hearing; rather, Claimant attempts to explain why she overlooked this evidence. Thus, the evidence Claimant seeks to introduce does not constitute new evidence, as it was available before the hearing. *See Dep't of Auditor Gen. v. Unemployment Comp. Bd. of Review*, 484 A.2d 829, 830 (Pa. Cmwlth. 1984) (holding reconsideration properly denied when additional evidence was available at time of referee's hearing).

Accordingly, we affirm.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Susan Voynow,                                    :
                 Petitioner              :
                                         :
          v.                             :
                                         :
Unemployment Compensation           :
Board of Review,                                 :   No. 613 C.D. 2019
              Respondent            :

O R D E R

AND NOW, this 25th day of September, 2020, the April 19, 2019 order of the Unemployment Compensation Board of Review is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge

Susan Voynow,                  :
             Petitioner     :
                           :
        v.                 :
                           :
Unemployment Compensation   :
Board of Review,           :   No. 613 C.D. 2019
            Respondent   :   Submitted: November 27, 2019

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

CONCURRING/DISSENTING OPINION
BY JUDGE COVEY                       FILED:  September 25, 2020

I agree with the Majority's affirmance of the Unemployment Compensation (UC) Board of Review's (UCBR) April 19, 2019 order denying Susan Voynow (Claimant) UC benefits under Section 401(a)(2) of the UC Law (Law).[1] However, I respectfully dissent from the Majority's conclusion that "[b]ecause Claimant did not appeal the May 17, 2019 [Reconsideration Request denial] (*nunc pro tunc* or otherwise) or seek to amend her petition for review to include review of the May 17, 2019 [denial], this Court does not have jurisdiction to consider the denial of the request for consideration." *Voynow v. Unemployment Comp. Bd. of Review* (Pa. Cmwlth. No. 613 C.D. 2019, filed September 25, 2020), slip op. at 4-5 (footnote omitted).  Because Section 101.111(b) of the UCBR's Regulations[2] includes the denial of Claimant's Reconsideration Request in connection with her merits appeal,

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 801(a)(2) (relating to financial eligibility conditions).

[2] 34 Pa. Code § 101.111(b).

and Claimant was not notified otherwise by the UCBR or this Court, I would review Claimant's arguments challenging the Reconsideration Request denial.

Initially, Claimant is a pro se petitioner. By April 30, 2019 letter, Claimant notified the Court that she wished to appeal from the UCBR's April 19, 2019 order. On that same date, Claimant also filed her Reconsideration Request with the UCBR. In response to her April 30, 2019 letter, this Court sent Claimant a blank form cover letter (cover letter) and a blank form petition for review (Ancillary Petition) to complete and return to the Court within 30 days of the date of the letter. Thereafter, on May 17, 2019, the UCBR denied Claimant's Reconsideration Request. On May 23, 2019, Claimant filed her Ancillary Petition with the Court.

## The UCBR's Documents

The UCBR's letter to Claimant acknowledging receipt of her Reconsideration Request provided, in pertinent part:

> Your request for reconsideration is currently before the [UCBR].
>
> **You do have the right to file a further appeal to the Commonwealth Court**.
>
> Under our rules of practice and procedure, the [UCBR's] decision becomes final on the date issued. Within thirty (30) days after the [UCBR's] decision becomes final, the decision may be appealed to the Commonwealth Court ([Section 101.112 of the UCBR's Regulations,] 34 Pa. Code § 101.112).
>
> . . . .
>
> **Please understand that your request for reconsideration by the [UCBR] does not relieve you of any responsibility for further appeal to the Court**. Unless the [UCBR] takes action to grant your request and vacate its decision, the **statutory period for filing a further appeal to the Court**

> **runs only for thirty (30) days from the above date issued**.

Certified Record (C.R.) at Item 13 (emphasis in original). The Reconsideration Request denial stated:

> The decision of the [UCBR] issued on the above date *stands as final*. The request for reconsideration is **denied**.
>
> The [UCBR's] decision became final on the above issued date. Any aggrieved party may take an appeal to the Commonwealth Court of Pennsylvania within thirty (30) days after that issued date.

Reconsideration Request denial at 1 (all emphasis in original).

Section 101.111(b) of the UCBR's Regulations, entitled "Reconsideration by Board," provides:

> The requests will be granted only for good cause in the interest of justice without prejudice to any party. The parties will be notified of the ruling of the [UCBR] on each such request. **The request for reconsideration and the ruling of the [UCBR] shall be made a part of the record and subject to review in connection with any further appeal to the Commonwealth Court**.

34 Pa. Code § 101.111(b) (emphasis added).

The above-quoted documents, read in conjunction with Section 101.111(b) of the UCBR's Regulations, make it clear that the UCBR uses the words "further appeal" because the aggrieved party had the option to file an appeal from the Referee's decision to the UCBR, and then a *further appeal* to the Commonwealth Court from the UCBR's decision on the merits. *See* Section 101.90(a) of the UCBR's Regulations, 34 Pa. Code § 101.90(a) (wherein "a *further appeal* with the Board" is referenced) (italics added). Section 101.111(b) of the UCBR's Regulations mandates that upon the *further appeal* (from the final order), the UCBR shall make the reconsideration request and reconsideration request denial part of the record it files

AEC - 3

with the Commonwealth Court and subject to review in connection with the appeal from the UCBR's decision on the merits.

The Majority maintains that "a regulation of the Board cannot confer jurisdiction upon this Court. . . .  [T]he General Assembly has conferred upon this Court jurisdiction over final orders of the Board, including both the Board's order on the merits and its denial of reconsideration." *Voynow*, slip op. at 5 n.5.  The Dissent does not claim that a regulation bestows jurisdiction on a court, rather that the Regulation is a law which this Court is required to adhere.  A regulation

> 'is the product of an exercise of legislative power by an administrative agency, pursuant to a grant of legislative power by the Legislative body,' and **'is valid and is as binding upon a court as a statute** if it is (a) within the granted power, (b) issued pursuant to proper procedure, and (c) reasonable.' K. C. Davis, 1 Administrative Law Treatise [] 5.03, at 299 (1958). **A court**, in reviewing such a regulation, **'is not at liberty to substitute its own discretion for that of administrative officers who have kept within the bounds of their administrative powers**. . . .'

*Crown Castle NG E. LLC v. Pub. Utility Comm'n*, ___ A.3d ___, ___ (Pa. No. 2 MAP 2019, filed July 21, 2020), slip op. at 18 (emphasis added) (quoting *Pa. Human Relations Comm'n v. Uniontown Area Sch. Dist.*, 313 A.2d 156, 169 (Pa. 1973) (parallel citations omitted)).

Further, the Dissent asserts that the Regulation, as well as the UCBR documents addressing its Reconsideration Request denial, clearly communicate to parties that a denial of a UCBR reconsideration request is not a final order.  In addition, there is absolutely no notice to parties in the UCBR's documents that a second, separate appeal must be filed from the Reconsideration Request denial.

Moreover, when the UCBR renders its decision on the merits, it notifies the parties that they have "30 days" from which to file an appeal and/or "15 days" to file a reconsideration request. C.R. at Item 11. A review of the UCBR's letter to Claimant acknowledging receipt of her Reconsideration Request, and the UCBR's Reconsideration Request denial, reveals that the Reconsideration Request denial is **not** a final order and the "further appeal" set forth in its Regulation and notice to parties refers to an appeal to this Court from the UCBR's decision on the merits. The UCBR acted herein, as it has in other cases, in accordance with and pursuant to its Regulation.

Furthermore, although the UCBR website sets forth the steps to be followed in filing an appeal from a determination at the various stages, noticeably absent is any notice that an appeal **may** be filed from a reconsideration request denial, let alone that an appeal **must** be filed, or the time period therefor, to have the determination reviewed by the Commonwealth Court. *See* www.uc.pa.gov/appeals/Pages/UC-Board-of-Review-Program-verview.aspx (last visited September 24, 2020).

### This Court's Documents

The Court provided cover letter stated:

> Enclosed are the **original and one copy of the petition for review** I am filing as Petitioner (pro se - proceeding without a lawyer) **and a certificate of service** showing I have sent copies of my petition for review to (1) the Unemployment Compensation Board of Review (UCBR), (2) the Attorney General of Pennsylvania, and (3) my former employer.

> I am the Petitioner (claimant) in an Unemployment Compensation case and may proceed under Pa.[]R.A.P. 556, without payment of fees.

Ancillary Petition at 1 (emphasis in original).  The cover letter also contained the following:

> **NOTE: You MUST file the original and one copy of the entire Petition for Review (pages 1-4) with the Chief Clerk of the Court at the mailing address on the top of this page, <u>AND</u> you MUST send copies of the entire Petition for Review (pages 1-4) to the three parties as indicated on Page 4**.

Ancillary Petition at 1 (all emphasis in original).

Importantly, absent from the cover letter was any mention that the order sought to be reviewed be attached to the petition for review.  Notwithstanding that the Court directed Claimant on what steps she needed to implement in order to perfect her appeal, it did not inform her to attach the order to be reviewed.  Claimant fully executed on this Court's directions for having the Court hear her *further appeal*, but now the Majority asserts that this Court is without jurisdiction to decide Claimant's case because Claimant failed to attach her Reconsideration Request denial and refuses to review her case.  *See* Majority Op. at 5 n.5.  Because the Court's cover letter to Claimant did not put Claimant on notice to attach the Reconsideration Request denial, it appears that the Court gave the clear impression, like the UCBR, that in accordance with the Regulation, the Reconsideration Request denial need not be attached because it is "subject to review by this Court in connection with any further appeal to this Court."  34 Pa. Code § 101.111(b).  This interpretation is consistent given that this Court notes in bold and capitalization to serve the petition for review, and makes absolutely no mention to attach the Reconsideration Request denial, considering, if the Majority's assertion is correct, not doing so would deny this Court jurisdiction.

The second paragraph of the Ancillary Petition provided:

> On _____, the Unemployment
> **(date of UCBR decision)**
>
> Compensation Board of Review entered an Order at
> Decision No. _____.
> **(UCBR Decision Number)**

Ancillary Petition at 2 (emphasis added). Claimant entered "April 19, 2019" and "B-18-09-5631" in the blanks, respectively. *Id.*

"B-18-09-5631" was the number assigned to Claimant's case when she appealed from the UC Service Center's determination. Thus, the case number appears on every UC determination, i.e., initial determination, Referee's decision, UCBR's determination and the Reconsideration Request denial. "April 19, 2019" is the "date of [the] UCBR['s] decision," Ancillary Petition at 2, which is entitled "DECISION AND ORDER." UCBR Dec. at 1. The Reconsideration Request denial is entitled "RULING ON REQUEST FOR RECONSIDERATION OF BOARD DECISION" and states therein that "[t]he decision of the Board of Review issued on the above date ***stands as final***." Reconsideration Request denial at 1 (all emphasis in original). Consequently, the fact that Claimant entered "April 19, 2019" and "B-18-09-5631" in the blanks, respectively, is not necessarily an indication of which order Claimant was appealing but, rather, that Claimant entered what she believed was required based on the form's format. *Id.*

### This Court's Precedent

Curiously, the Majority cites to Section 763(a)(1) of the Judicial Code, 42 Pa.C.S. § 763(a)(1), which confers this Court with jurisdiction over appeals from final orders, *see Voynow*, slip op. at 5 n.5, and a Department of Public Welfare case, *Keith v. Department of Public Welfare*, 551 A.2d 333 (Pa. Cmwlth. 1988), *see*

*Voynow*, slip op. at 4, to support its position that a governmental unit's denial of reconsideration is an appealable order, then springboards to its conclusion that "[b]ecause Claimant did not appeal the May 17, 2019 decision (nunc pro tunc or otherwise) or seek to amend her petition for review to include review of the May 17, 2019 decision, this Court does not have jurisdiction to consider the denial of the request for consideration." *Id.* at 4-5. However, in *Keith*, as well as the two cases cited therein, *Southwest Pennsylvania Natural Resources, Inc. v. Department of Environmental Resources*, 465 A.2d 108 (Pa. Cmwlth. 1983), and *Muehleisen v. State Civil Service Commission*, 443 A.2d 867, 869 n. 5 (Pa. Cmwlth. 1982), *aff'd*, 461 A.2d 615 (Pa. 1983), the issue before the Court was whether a court can review an untimely merits appeal based on a timely appeal of a reconsideration request denial. All three Courts determined it could not and the Dissent agrees. That is not the case herein. Here, Claimant timely appealed from the merits decision, which under Section 101.111(b) of the UCBR's Regulations includes a review of her Reconsideration Request denial.

The UCBR is distinct from other governmental units in light of Section 101.111(b) of the UCBR's Regulations. *See Scavitto v. Unemployment Comp. Bd. of Review* (Pa. Cmwlth. No. 1079 C.D. 2017, filed April 5, 2018) ("Title 34, Part VI, Chapter 101 of the Pennsylvania Code provides the rules of practice and procedure governing proceedings before the [UCBR]. 34 Pa. Code §§ 101.1-101.133"), slip op. at 5; *see also* Section 101.1 of the UCBR's Regulations, 34 Pa. Code § 101.1 ("This part sets forth **special rules of practice and procedure** and governs proceedings before the [UCBR].") (emphasis added). This Court is obligated to adhere thereto and this Court's precedent supports this conclusion.

Here, Claimant raised *only* issues relating to the denial of her Reconsideration Request in *both* her Ancillary Petition and her brief. Similarly, in *Snell v. Unemployment Compensation Board of Review* (Pa. Cmwlth. No. 109 C.D. 2019, filed August 8, 2019),[3] the claimant filed an appeal from the UCBR's decision and order **before** the UCBR had ruled upon her reconsideration request and raised in *both* her ancillary petition for review and her brief *only* issues relating to the denial of her reconsideration request. The *Snell* Court addressed claimant's arguments notwithstanding that the claimant had not filed a separate appeal from the denial of the reconsideration request.[4]

Similarly, in *Bushofsky v. Unemployment Compensation Board of Review*, 626 A.2d 687 (Pa. Cmwlth. 1993), the claimant's reconsideration request was denied before the claimant appealed, but the claimant *only* appealed from the UCBR's decision and order on the merits, not the reconsideration request denial, and this Court addressed the arguments in her brief relating to the denial of the reconsideration request. This Court expressly noted:

> If granted, the [UCBR] may allow the opportunity to offer additional evidence at a rehearing or may reconsider the previously established record of evidence. 34 Pa. Code § 101.111(a)(1), (3). **Pursuant to [Section] 101.111(b) [of the UCBR's Regulations,] the [UCBR's] ruling with respect to such a request shall be subject to review by this Court in connection with any further appeal to this Court**.

---

[3] Unreported decisions of this Court may be cited for their persuasive value. *See* Section 414(a) of the Commonwealth Court Internal Operating Procedures, 210 Pa. Code § 69.414(a).

[4] Although not cited as the reason therefor, the *Snell* Court quoted Section 101.111(b) of the Board's Regulations in a footnote and bolded the *subject to review* sentence. *See Snell*, slip op. at 4 n.7.

*Bushofsky*, 626 A.2d at 690 n.4 (emphasis added).  Accordingly, this Court's precedent supports the conclusion that Claimant's appeal herein included the denial of her Reconsideration Request.

### Jurisdiction

The Majority cites only two cases to support its conclusion that this Court does not have jurisdiction to review Claimant's Reconsideration Request denial:

> *Morrisons Cove Home v. Blair Cty. Bd. of Assessment Appeals*, 764 A.2d 90, 91 (Pa. Cmwlth. 2000) (stating that **the filing of a timely appeal is a jurisdictional requirement** which must be met before an appellate court may consider an appeal) (citing *Berry v. Unemployment Comp. Bd. of Review*, 382 A.2d 487, 489 (Pa. Cmwlth. 1978)); *cf. J.B. Stevens, Inc. v. Dep't of Transp.*, 627 A.2d 278, 281 (Pa. Cmwlth. 1993) (affirming agency's denial of petition for reconsideration but declining to review final order on merits where petitioner only appealed agency's denial of reconsideration and did not appeal final order on merits).

Majority Op. at 5.  However, neither case applies to the instant appeal.  There is no question that Claimant timely filed her appeal within 30 days of the UCBR's final order and perfected it by timely filing her Ancillary Petition as this Court directed.  In Claimant's ancillary petition for review, she clearly communicated her purpose for making the Reconsideration Request, i.e., the reason she believed she was entitled to another hearing.  Thus, this Court has jurisdiction over Claimant's timely appeal.

### Pennsylvania Rule of Appellate Procedure 1513

The Majority posits that "[Pennsylvania Rule of Appellate Procedure (Rule) 1513(d)(4), (7)] requires a petition for review filed with this Court to identify the order, including the date, sought to be reviewed, and to include a copy of said

order as an attachment." *Voynow*, slip op. at 5 n.5. Rule 1513(d) states in relevant part:

> **Content of appellate jurisdiction petition for review**.--An appellate jurisdiction petition for review shall contain the following:
>
> . . . .
>
> (4) reference to the order or other determination sought to be reviewed, including the date the order or other determination was entered;
>
> . . . .
>
> (7) a copy of the order or other determination to be reviewed, which shall be attached to the petition for review as an exhibit[.]

Pa.R.A.P. 1513(d).

However, as explained above, the Court directed Claimant how to proceed and her appeal should not be limited thereby.

## Discussion

If Claimant followed the Majority's reasoning and sent another letter to the Court stating she wished to appeal from the denial of her Reconsideration Request, based on how the Court responded to her first letter, the Court would have sent her another blank form petition for review. Accordingly, requiring Claimant to file a second appeal would not only be confounding for her, but also the UCBR and the Court, as a second appeal would have required Claimant to file a second ancillary petition. Moreover, if Claimant had filed a second appeal as the Majority states Claimant was required to do in the instant case, Claimant would not have known how many days she had to file her second appeal since the UCBR did not provide her notice that she was required to file a second appeal or the time period for doing so.

This lack of information is in stark contrast to what the UCBR provided to Claimant concerning her right to file a further appeal from its final order.

The Dissent notes that after thorough research, it has not found a single case wherein the UCBR issued a merits decision, the claimant appealed from that decision, the claimant requested reconsideration, the UCBR denied reconsideration, and the claimant then filed a second appeal from that reconsideration denial, which is exactly what the Majority holds the Claimant herein was required to do. Also indicating that the Majority is creating a new procedure, is the UCBR's response in the instant case. If in fact Claimant was required to file a second appeal from the Reconsideration Request denial, the UCBR, as the administrative agency authorized to administer the UC Law, would have so stated, but it did not.

Further, if Claimant filed a separate appeal from the Reconsideration Request denial, as the Majority holds was required, the UCBR would have (and, as discussed below, had already) included the Reconsideration Request and its denial as part of the record in the first appeal, thereby making Section 101.111(b) of the UCBR's Regulations' directive mere surplusage. Pursuant to the Statutory Construction Act of 1972 (Statutory Construction Act),[5] "whenever possible, the courts must interpret statutes to give meaning to all of their words and phrases so that none are rendered mere surplusage."[6] *Concerned Citizens for Better Schs. v. Brownsville Area Sch. Dist.*, 660 A.2d 668, 671 (Pa. Cmwlth. 1995). Indeed, here, the UCBR included the Reconsideration Request and the UCBR's denial thereof, as part of its certified record. *See* C.R. at Item 14.

Importantly, the Majority "acknowledges that the [UCBR]'s notices/appeal instructions may have been confusing," and "[n]either the [UCBR]'s

---

[5] 1 Pa.C.S. §§ 1501-1991.

[6] The Statutory Construction Act "applies to statutes and regulations alike." *Marcellus Shale Coalition v. Dep't of Envtl. Prot.*, 193 A.3d 447, 471 (Pa. Cmwlth. 2018).

AEC - 12

notice nor its order address an appeal from the [UCBR]'s denial of reconsideration." *Voynow*, slip op. at 5 n.4.  Clearly, **Claimant was not provided notice that she must appeal from the UCBR's Reconsideration Request denial**.  "Reasonable notice and opportunity to be heard are the quintessential elements of due process."  *Pa. Bankers Ass'n v. Pa. Dep't of Banking*, 981 A.2d 975, 998 (Pa. Cmwlth. 2009).  However, if the Majority gave Section 101.111(b) of the UCBR's Regulations its clear meaning, no due process violation would exist because the Reconsideration Request denial would be part of the "further appeal" referenced therein.

Notwithstanding, the Majority ruled that because "Claimant did not appeal the denial of that order[,]" *Voynow*, slip op. at 4, it "cannot conduct appellate review of the Board's May 17, 2019 order."[7]  *Voynow*, slip op. at 5.  At the very least, this confusion is a breakdown of the administrative process warranting *nunc pro tunc* relief.  *See Beaver Cty. Children & Youth Servs. v. Dep't of Pub. Welfare*, 68 A.3d 44, 48 (Pa. Cmwlth. 2013) ("Inadequate notice is exactly the type of breakdown in the administrative process that satisfies the standard for a *nunc pro tunc* appeal[.]"); *see also Monroe Cty. Bd. of Assessment Appeals v. Miller*, 570 A.2d 1386, 1388 (Pa. Cmwlth. 1990) ("[A]n appeal *nunc pro tunc* may be granted where a litigant is unintentionally misled by officials as to the proper procedure to be followed.").

For the Majority to ignore the acknowledged confusion created by the UCBR's notices/appeal instructions and the UCBR's failure to provide notice to Claimant concerning her appeal rights and obligations from the UCBR's Reconsideration Request denial, **then rule that it cannot conduct appellate review**

---

[7] At the very least, this confusion would be considered a breakdown of the administrative process warranting *nunc pro tunc* relief.  *See Beaver Cty. Children & Youth Servs. v. Dep't of Pub. Welfare*, 68 A.3d 44, 48 (Pa. Cmwlth. 2013) ("Inadequate notice is exactly the type of breakdown in the administrative process that satisfies the standard for a *nunc pro tunc* appeal[.]").

**is a clear injustice, especially because the circumstances are ripe to be repeated. The Majority's precedent hereinafter would preclude any claimant who has a meritorious case from having his/her appeal reviewed.**

> Significantly, the UCBR stated in its brief to this Court:
>
> Claimant requested reconsideration which the [UCBR] denied by Order dated May 17, 2019. It is from the [UCBR's] Decision and Order dated April 19, 2019, as well as the Order dated May 17, 2019, denying Claimant's request for reconsideration that Claimant now appeals to this Honorable Court.[FN]3
>
>> [FN]3 Claimant's pro se communication filed with this Court on April 30, 2019, only refers to the [UCBR's] Decision and Order dated April 19, 2019, her [A]ncillary [P]etition for review filed with this Court on May 21, 2019, makes reference to her request for reconsideration which the [UCBR] denied by Order dated May 17, 2019. Nonetheless, in her brief, Claimant does not challenge any specific [UCBR] finding nor does she challenge the [UCBR's] legal conclusion under Section 401(a)(2) of the Law. Therefore, these issues are waived, *Savage v.* [*Unemployment Comp. Bd. Review*], 491 A.2d 947, 950 n.6 (Pa. Cmwlth. 1985), and the [UCBR] will only address its denial of reconsideration.

UCBR Br. at 3-4. The UCBR then addressed its denial of the Reconsideration Request in the remainder of its brief.

The Majority notes that "Claimant has not raised any argument concerning Section 101.111(b) of the [UCBR's] [R]egulations." *Voynow*, slip op. at 5 n.5. However, Claimant clearly believed, as did the UCBR which cited the Regulation, that this Court had jurisdiction to review the denial of Claimant's Reconsideration Request as part of her appeal or she would not have restricted her arguments thereto. Therefore, Claimant had no reason to raise the Regulation.

AEC - 14

"[A] Commonwealth agency's interpretation of its . . . regulations must be given considerable weight and deference. As such, the [UCBR's] [interpretation] is controlling unless clearly erroneous or inconsistent with . . . the [Law]." *DeNaples v. Pa. Gaming Control Bd.*, 178 A.3d 262, 270-71 (Pa. Cmwlth. 2018) (citation omitted). Here, the UCBR interpreted Section 101.111(b) of the UCBR's Regulations to include Claimant's later Reconsideration Request denial as part of her appeal of the UCBR's April 19, 2019 order. Accordingly, giving considerable weight and deference to the UCBR's interpretation of Section 101.111(b) of the UCBR's Regulations, as we must, requires this Court to address Claimant's arguments challenging the Reconsideration Request denial.

Finally, this Court has stated:

> [W]e note that **the [L]aw is remedial and humanitarian in purpose and its benefits and objectives are not to be frustrated 'by slavish adherence to technical and artificial rules**.' *Unemployment Comp*[.] *B*[*d.*] *of Review v. Jolliffe*, . . . 379 A.2d 109, 110 ([Pa.] 1977). . . .

> *Gonzalez v. Unemployment Comp*[.] *B*[*d.*] *of Review*, . . . 510 A.2d 864, 865 ([Pa. Cmwlth.] 1986) . . . .

*Lehr v. Unemployment Comp. Bd. of Review*, 625 A.2d 173, 175 (Pa. Cmwlth. 1993) (emphasis added). Certainly, the Majority's holding frustrates "the [L]aw['s] remedial and humanitarian [] purpose and its benefits and objectives" "'by slavish adherence to technical and artificial rules.'" *Lehr*, 625 A.2d at 175 (quoting *Gonzalez*, 510 A.2d at 865).

The Majority does not cite applicable case law to support its position that this Court is without jurisdiction, nor an alternative reasonable interpretation of the UCBR Regulation that this Court is obligated to adhere. Accordingly, for all of the above-stated reasons, and in line with the humanitarian purpose of the Act, the

Dissent, like the UCBR, would review Claimant's arguments challenging the UCBR's denial of her Reconsideration Request.

_____
ANNE E. COVEY, Judge